HENRY VAN SCHAICK, Executor of MYNDERT VAN
SCHAICK, Deceased, *v.* THE THIRD AVENUE RAIL-
ROAD COMPANY.

*Lease to Trustee—Implied liabilities of Cestui que trust.*

Where a lease was procured to be made of certain lots to V., to hold in
trust for a certain partnership or an incorporated company, to succeed to said
partnership upon an agreement that when the company should be incorpo-
rated the trustee should transfer the lease to it, and it would assume and per-
form all the covenants and the liabilities incurred by said trustee—*Held*, that
said company when formed, having taken the assignment of said lease, &c.,
were liable themselves, and were bound to indemnify and save harmless said
trustee.

This action was brought to enforce the performance of the
covenants contained in a lease made by Myndert Van Schaick to
Henry Van Schaick.

The Special Term gave judgment in favor of the Plaintiff,
which upon appeal was affirmed by the General Term of the First
District. The Defendants now appeal to this Court.

The following is a statement of the facts, and of the conclusions
of law found by the Justice who tried the cause:

That the Plaintiff made and executed the lease of the premises
described in the complaint, dated the 16th of August, 1853, to
Henry Van Schaick, as stated in the complaint, in pursuance of
an agreement for that purpose made with him by the Third Ave-
nue Railroad Company, Association, or Partnership, hereinafter
named.

That the said lease was made to the said Henry Van Schaick,
in pursuance of a resolution of said association or partnership
proposed on the 16th August, 1853, and passed the 17th August,
1853. This resolution is set forth in the opinion of the Court.

And that the same was on account, and for the benefit of, and
as trustee for the said Third Avenue Railroad Company, a part-

nership or unincorporated association then existing, with whom the agreement to lease the premises for the term had first been made, and which was the only party beneficially interested in the said agreement and lease, except the corporation to be formed to succeed them, as mentioned in said resolution, and in the declaration of trust made between the said Henry Van Schaick and the said association or partnership, dated August 17th, 1853, in pursuance of said resolution, and hereinafter mentioned.

That all the persons interested in the said unincorporated association, except one, became and were copartners and stockholders in the corporation that succeeded to all the property, rights, duties, and obligations of the said association, and became and was its only successor, as was originally contemplated and agreed upon, and that each and all of the said corporators and stockholders, as well as the corporation itself, had notice of the agreement by which the said Henry Van Schaick became the trustee for the association and the corporation to be formed therefrom, and ratified and approved the same, and accepted the premises as held by the said Henry Van Schaick under said lease for their benefit.

That in consideration of the acceptance of the said lease by the said Third Avenue Railroad Company partnership, the said Plaintiff, at their request, cancelled and accepted the surrender of a lease he had made of the same premises to the firm of Dewey, Dingledien & Co., persons engaged in an omnibus line of stages, which was for the term of ten years, commencing at the same time, at the same annual rent, including payment of all taxes and assessments—the said Third Avenue Railroad Company having previously assumed all the obligations of that lease, and requested the Plaintiff to give them a new lease upon the same terms, with an additional period of five years, and that the said lease to their said trustee, Henry Van Schaick, was made upon such agreement, and for said extended term.

That by an instrument of declaration of trust by and between said association and partnership and said Henry Van Schaick, made and dated August 17th, 1853, and duly delivered to and

accepted by them at their special request, the said association, in compliance with its previous agreement and duty so to do, assumed the covenants and obligations on the part of said Henry Van Schaick, to be performed and kept in and by said lease for themselves, and the corporation to succeed them, and that said declaration of trust is in these words : (This paper is sufficiently referred to in the opinion of the Court.)

That by an indenture dated October 8th, 1853, made by Henry Van Schaick and others and the Defendants, mentioned and referred to in the pleadings, the Defendants also, in accordance with the previous agreement so to do, and in pursuance of said resolution passed August 17th, 1853, assumed the place of the lessee in the said first-mentioned lease, and all the covenants and duties therein contained.

That the said instrument or declaration of trust, between Henry Van Schaick and the said partnership, having been made for the benefit of the Defendants, and having been confirmed and adopted by them and the Plaintiff, became, on the incorporation of the Defendants, and by virtue of the making thereof, and of such adoption, the contract of the Defendants ; and that the Defendants are bound to, and in behalf of, the said Henry Van Schaick, as well as to the Plaintiff, to keep and perform all the duties and covenants of the lessee in said lease. That the Defendants took immediate possession of the premises leased and used by them, and thereby impliedly agreed to pay the rent and perform all the covenants of the lease, and assume the position of lessee of the Plaintiff, and as such agreed to indemnify said Henry Van Schaick against the covenants therein contained.

That when the Defendants took the assignment of said lease from the said Henry Van Schaick, they carried out and gave effect to the original agreement between and to the intention of all parties ; that when the Defendants became legally organized and competent to take title, they were to become the lessees of the premises, and would subject themselves to the performance of all the covenants contained on the part of the lessee.

That the said Defendants, on the 15th day of January, 1858,

duly assigned the said lease to Samuel Searles, as in their supplemental answer mentioned.

·That the said Defendants, on the 1st day of February, 1858, gave and yielded up the possession of the said premises to the said Samuel Searles, and that they have paid all the rents, taxes, and assessments and charges by the said lease, due or required to be paid, up to the 1st day of February, 1858.

And the said Justice found, as the conclusions of law in this action :—

That the Defendants are subjected to the burdens of said lease, certainly to the extent of relieving and indemnifying Henry Van Schaick to the extent of his liability to the Plaintiff; and such right to indemnity of said Henry Van Schaick is the property of the Plaintiff.

That in equity the Plaintiff is entitled to enforce against the Defendants the duties and covenants in said lease contained, they having accepted the same as made for their benefit and advantage, and having used and occupied the premises under the said lease as lessees, and not otherwise.

The Plaintiff is entitled to recover against the Defendants the amount of unpaid rents from the 1st day of February, 1858, quarterly, with interest thereon.

That the Defendants pay, discharge, and satisfy all the unpaid taxes and assessments on the lands described in said lease.

That said Defendants pay the rent already due, and the rent to become due, and payable upon said lease as the same shall become due and payable; and also pay and discharge seasonably all taxes and assessments which have been or may hereafter be levied, assessed, or charged upon said premises during the term in said lease expressed.

*Clarkson N. Potter* for the Appellant.

*William Tracy* for the Respondents.

HUNT, CH.J.—By the resolution of August 16th, 1853, passed by the parties then composing the Third Avenue Railroad Company, it was resolved that, "in order to carry into effect the reso-

lution of leasing from Myndert Van Schaick the thirty-three lots on Sixty-first street, it was expedient that a lease of fifteen years, at $3000, with taxes, &c., should be executed by Myndert Van Schaick to Henry Van Schaick, to be held by him for the benefit of this company, or such other company as may hereafter be formed to carry on the Third Avenue Railroad Company; and that the President be authorized, on behalf of this company, to agree with Henry Van Schaick that this company, or such other company as may hereafter be formed in its stead (as above), will and do assume the performance of all covenants contained in said lease, which are to be performed by said Henry, on condition of his agreeing to assign said lease to this company, or to such other company as shall hereafter be formed in its stead, upon request duly made to him."

The agreement of August 17th, 1853, between Henry Van Schaick and the partnership, was to the effect that the lease above referred to was made for the benefit of the company, or such other company as should thereafter be formed to succeed them, in building and running a railroad through the Third Avenue; that Henry Van Schaick agreed that he would at any time assign the lease to the said partnership, or any company thereupon to be formed, upon request; and the company agreed that they would and thereby did assume the performance of all the covenants in said lease by him agreed to be performed.

There can be no doubt that the railroad partnership was bound by these instruments to stand in the place of Henry Van Schaick as lessee, and to indemnify him against all liability to loss on account of the existence of the lease. He was a simple, naked trustee for their benefit. He entered into the lease upon their request, and their agreement to assume all liabilities undertaken by him.

Nor do I see any difficulties, upon well-settled principles, in holding that Myndert Van Schaick could have maintained an action directly against the partnership to recover the amount of his rents. The lease was in law the lease of the partnership, through Henry Van Schaick, their agent, or, if not such, was ex-

pressly assumed as their lease, and an action against them given to the lessor by the terms of the instrument of August 17th, 1853.

These agreements were made in terms, not only for themselves, but for and in behalf of any corporation that should afterwards be organized to conduct and operate the said Third Avenue Railroad. It seems to have been assumed from the outset that a corporation would be formed to execute the duties then performed by the partnership; and all the rights reserved to the partnership, and all the duties imposed upon it, were to fall upon such incorporation.

The corporation when organized took immediate possession of the premises, leased them, and used them for their own purposes, and, in my judgment, impliedly agreed to perform all the covenants of the lease, and to indemnify Henry Van Schaick against any liability on the same.

I concur in the judgment of the Justice of the Special Term, that the facts established an assumption of the liabilities of the lease by the Defendants, and that they are bound to perform its covenants. The Appellant's counsel claims that the question of the implied assumption of the liability of the lease by the Defendants is a question of law, and not of fact. He takes up each of the ten items from which it may be supposed that the Justice trying the cause drew his conclusion of an implied assumption of the lease, and argues that they do not necessarily show an assumption, and are not inconsistent with a determination not to assume the obligations of the lease. I do not concur in such conclusion, neither is that the mode of determining the question in this Court. The facts are examined and passed upon by two impartial tribunals, the Special Term and the General Term, before each of which the parties were at liberty to defend or attack any positions of facts at their pleasure.

When the case reaches this Court the facts are assumed as in all respects adopted by the General Term, and we review the questions of law arising upon an established state of facts. Certain principal facts are proved. Certain other facts are proved not of themselves decisive, but as forming the groundwork of

inferences or conclusions. These inferences or conclusions are the final facts of the case, and we are as much bound by the deductions and conclusions of the Judge or the jury in regard to them as by their finding of the principal facts. In the present case it is proved, among other things, that the Defendants, having full knowledge of the terms of the lease, and of the agreements made in respect to it in reference to the corporation to be organized, received an assignment, entered into the possession of the demised property, and used and occupied it for many years. Now I take it, that the intent with which this was done is a question of fact rather than a question of law. It may have been with one intent, or to effect or in pursuance of one plan, or upon an altogether different idea.

The jury, or the Justice when sitting in its place, solves the question as a matter of fact, and not the Court as a question of law. Having settled it as a matter of fact against the Appellant, we receive it as finally settled and disposed of. It is considered, in my judgment, as settled by the findings of the Justice of the Special Term. I cite a few cases where the decision was held to belong to the jury, although the facts were undisputed : Sheridan *v.* Brooklyn R. R., 36 N. Y. 39 ; Ireland *v.* Oswego Plankroad, 13 N. Y. 533 ; Oldfield *v.* N. Y. & H. R. R., 14 N. Y. R. 310 ; North Pa. R. R. Co. *v.* Heileman, 49 Pa. R. 60. See also 11 Wend. 629; 1 Denio, 462 ; 23 Wend. 653; 2 N. Y. 43 ; 8 Cow. 25.

I am quite well satisfied, also, with the reasoning and argument of the opinion in the Court below, showing the assumption of the obligations of the lease by the Defendants, and think that in fact such obligations were assumed by the Defendants.

Upon both grounds, the judgment should be affirmed, with costs.

MILLER, J.—The facts of this case show beyond any question that the lease from Myndert Van Schaick, the original Plaintiff, and one of the associates who constituted the association formed to construct and operate the Third Avenue Railroad, to

Henry Van Schaick, another of said associates, was made at the request and for the benefit of such company, or such other as might be thereafter formed to succeed them in the business of building and running said railroad, and that the company, and such other as might be formed in its place, were to assume, and did assume, the performance of all the covenants in the lease.

This arrangement was substantially carried into effect, Henry Van Schaick merely acting as trustee for the benefit of his associates, and not as the lessee of the premises, or as an individual.

The declaration of trust which accompanied or immediately followed the lease evidently indicates an intention that the corporation which was to be formed was to be the beneficial lessees of the premises, bound by the covenants and conditions of the lease, and that they were not to be holders of the property as mere assignees, with power to divest themselves of liability by an assignment to another party.

When the corporation was formed, it continued in possession of the property, paid rent to the lessor, accepted the lease in question, and assumed to perform its covenants and conditions; and by means thereof they became liable to the Plaintiff for any failure to fulfil, and for any default. The action, therefore, was properly brought, and the judgment at the Circuit was right. I also think the action is maintainable within the principle of Lawrence *v.* Fox, 20 N. Y. 268, which holds that an action lies upon a promise made by the Defendant, for a valid consideration, to a third person, for the Plaintiff's benefit, although the Plaintiff was not privy to the consideration.

The judgment should be affirmed.

JOEL TIFFANY,
State Reporter.