## EDWARD RUSH, RESPONDENT, *v.* ELEANOR DILKS, APPELLANT.

*When a promise by a purchaser of land, to pay a mortgage thereon, may be enforced by the mortgagor — when a wife, receiving property through the fraudulent acts of her husband, acting as her agent, is liable for the consequences of such acts to the persons injured.*

Israel and Almira Adams, being indebted to the plaintiff, Rush, in the sum of $685, agreed to secure the payment thereof by selling and assigning to him a

purchase-money mortgage for $700, theretofore received by them on the sale of certain real estate to one Boyington. Instead of assigning this mortgage to Rush, the Adams, acting under the advice of a justice of the peace, gave their own bond for $685, secured by a mortgage describing the premises sold to Boyington, which were not then owned by them, and agreed to keep the old mortgage for Rush until the new one was satisfied. Thereafter John H. Dilks, the husband of the defendant, agreed to purchase the premises and to pay therefor $865 upon the delivery of the deed, and also to pay $700 to Rush, in payment of his mortgage of $685, upon which there was then due the former amount.

Thereafter Dilks fraudulently induced the Adams to satisfy of record the $700 mortgage without the knowledge or consent of Rush, and then procured the defendant, his wife, to whom the premises had been conveyed, to convey the same to a *bona fide* purchaser for the sum of $2,349.50, which was paid to him, Dilks.

*Held,* that a judgment in favor of Rush and against the defendant for $700, with interest thereon from the date of the bond and mortgage given to him by the Adams, should be affirmed.

That the promise of Dilks to pay the amount of the Boyington mortgage to Rush was supported by a good and valuable consideration, and could be enforced by Rush.

That as the defendant availed herself of the results of her husband's acts and promises, made when he was negotiating the sale to her, she must be held to have adopted his acts, and thereby made him her agent in the transaction.

That, as the transaction concerned and benefited the defendant's separate estate, she was liable therefor the same as if unmarried.

APPEAL from a judgment, entered in Cattaraugus county April 14, 1886, for $1,372.48, in favor of the plaintiff, upon the report of a referee.

Michael McCarthy and Jeremiah McCarthy, being the owners of fifteen and sixty-seven one hundredths acres of oil lands in the county of Cattaraugus, conveyed the same to the defendant March 31, 1876, for the consideration of $1,565. There was a purchase-money mortgage upon the premises, duly recorded at the time of the conveyance, on which there was due and unpaid the sum of $700. It had been executed by Mr. Boyington to Israel and Almira Adams. The Adams' had theretofore borrowed of the plaintiff Edward Rush, $685, and to secure the payment of this money to Rush, they agreed to sell and assign to him this mortgage for $700. But, pursuant to the advice of a justice of the peace, whom they employed to draw the papers, instead of assigning this mortgage to Rush, they executed and delivered their bond, conditioned to pay to him the $685, and a mortgage upon these premises for a like

sum, collateral to the bond; and they agreed that they would keep the old mortgage for Rush until the new one was satisfied. The Adams' were not owners of the land at the time they gave this mortgage. John H. Dilks, the husband of the defendant Eleanor Dilks, negotiated the purchase of the premises from the McCarthy's, and agreed with them to pay for the premises as follows: Eight hundred and sixty-five dollars upon the delivery of the deed, which payment he made; and to pay the balance of the purchase-money, being the sum of $700, to Rush, in payment of his mortgage of $685, which, with interest, then amounted to more than $700, when requested by Rush so to do. The mortgage to Rush fell due, and he demanded payment, but instead of paying the sum of $700, as agreed, Dilks fraudulently induced Adams to satisfy the $700 mortgage of record, without paying any part of the same, and without the knowledge or consent of Rush, and then procured Mrs. Dilks to convey the premises to *bona fide* purchasers, receiving therefor the sum of $2,349.50, $784.50 over and above the amount paid for the premises. Mrs. Dilks was informed and knew of the conveyance to her of the premises, but had nothing to do personally with the matter, except to receive the deed of conveyance and execute and deliver the deeds as aforesaid. Her husband received the consideration-money. He had full knowledge of the rights and interests of Rush in the Boyington mortgage, and knew that there was due to Rush, upon his mortgage, more than the $700.

The referee reported in favor of the plaintiff and against the defendant for the $700 and interest from April 8, 1876, the date of the bond and mortgage given to plaintiff by the Adams. Judgment being entered thereon against the defendant, she brings this appeal into this court.

*Cary & Rumsey*, for the appellant.

*Lincoln & Nash* and *D. H. Bolles*, for the respondent.

Lewis, J.:

The agreement of Dilks to pay the amount of the Boyington mortgage to the respondent, Rush, though made to the McCarthys for the benefit of Rush, was supported by a good and valuable consideration, and can be enforced for the benefit of Mr. Rush.

(*Lawrence* v. *Fox*, 20 N. Y., 268; *Van Schaick* v. *Third Avenue
R. Co.*, 38 N. Y., 346; *Barlow* v. *Myers*, 64 N. Y., 41.)

The contention of the appellant's counsel is, that Mr. Dilks was
not, in these transactions, the agent of Mrs. Dilks, and that, as the
only acts of the appellant were accepting the conveyance of the
premises, and executing and delivering conveyances thereof, and as
she neither paid the purchase-price of the premises conveyed to her,
nor received the pay therefor when she conveyed them, she is not to
be held liable for the acts of her husband; that he did not become
her agent. Her husband assumed to act for her in the negotiations
which resulted in the conveyance to her of the premises; she knew
that her husband had procured the conveyance to be made to her ; she
accepted the deed, and thereafter conveyed the premises by warranty
deeds to *bona fide* purchasers for a good and valuable consideration.

The conveyance vested in her the title to the land exempt from
the control of her husband, notwithstanding he paid a part of the
purchase-price, by force of 1 Revised Statutes, 728, section 51,
article 2, title 2, chapter 1, part 2. Having availed herself of the
results of her husband's acts and promises made when he was
negotiating the sale to her, she must be held to have adopted his
acts and thereby made him her agent in the transaction. If she
did not wish to perform his agreements made for her benefit she
should have refused to accept the deed. Having become the owner
of the land she was entitled to control it and to receive the avails
of its sale, and her consenting that the proceeds of the sale might
be received by her husband did not change her obligations to the
plaintiff. She took the title charged with every equity that would
have accompanied it, had it been conveyed to her husband. (*Crans*
v. *Hunter*. 28 N. Y., 389; *Bennett* v. *Judson*, 21 id., 238; *Elwell*
v. *Chamberlin*, 31 id., 611; *Meehan* v. *Forrester*, 52 id., 277;
*Krumm* v. *Beach*, 25 Hun, 293; S. C., 96 N. Y., 398; *Boe* v.
*Berry*, 24 Weekly Dig., 5.)

The court say in *Bennett* v. *Judson* (21 N. Y., 239): "There
is no evidence that the defendant authorized or knew of the alleged
fraud committed by his agent Davis in negotiating the exchange of
lands ; nevertheless he can not enjoy the fruits of the bargain without
adopting all the instrumentalities employed by the agent in bring-
ing it to a consummation." The appellant got title to the land on

the strength of her husbands's promise to pay to plaintiff the amount of the Boyington mortgage as part of the purchase-price of the land conveyed to her. She has failed to pay this sum, which, through her husband, she agreed to pay. It is true she did not make the promise personally, but her husband made it for her and she took the fruits of the bargain, and fair dealing demands she should perform the agreement. By her act of conveying the property to *bona fide* purchasers she put it beyond the reach of the plaintiff. He cannot follow the land, as the Boyington mortgage was discharged of record and innocent purchasers have acquired title to the land released from that incumbrance. Were it not for the fraud of her agent in procuring the discharge of the Boyington mortgage she would have been compelled to pay it, or to provide for it before she could have realized the full value of the premises she conveyed. Down to the time of her conveyance she held the lands in trust for respondent's benefit to the amount of his lien. (2 Story's Equ. Jur., §§ 1218 to 1222.) Having by her own act destroyed the trust she became liable to the beneficiary for its value. (*May* v. *Le Claire*, 11 Wall, 236 ; *Peabody* v. *Tarbell*, 2 Cush., 227 ; *Hart* v. *Ten Eyck*, 2 Johns. Ch.. 77 ; *Meehan* v. *Forrester*, 52 N. Y., 277 ; *Starr* v. *Winegar*, 3 Hun., 491.) While defendant was not personally guilty of any intentional wrong in conveying the premises, her act nevertheless injured the plaintiff, an innocent party, to the amount of the value of his mortgage, and she should suffer and not the plaintiff. This transaction concerned and benefited the defendant's separate estate ; she is liable therefore the same as if unmarried. The case of *Kelly* v. *Geer*, 101 N. Y., 665, referred to by the appellant's counsel, is clearly distinguishable from this case. The defendant there did not own the premises conveyed, or have any interest in them ; they belonged to her son ; and though she joined with him in conveying the same, it was for his benefit and not her's. There are some exceptions appearing in the case, but they were not discussed upon the argument, nor in the appellant's brief, and do not appear to have any merit.

The judgment appealed from should be affirmed, with costs.

HAIGHT and BRADLEY, JJ., concurred.

Judgment affirmed.