Daniels, J.
The action as it was presented by the complaint and developed on the trial, was for an accounting of the rents and profits of real estate situated upon Wooster street in the city of New York, and for certain corporate shares of stock assigned and transferred to the testator. The real estate was conveyed to him on or about the twelfth of December, 1862, by Robert H. Berdell, and the corporate stocks were assigned by another instrument, about the same time, by him to the testator. The plaintiff is a daughter of the grantor in the deed, and of the assignor in the assignment. The property described in the deed was conveyed to the testator, “to receive the rents, issues and profits of the premises hereby conveyed, and to apply the proceeds, after deducting the necessary expenses thereof, to the use and benefit of Theodore Berdell, Charles P. Berdell and Lizzie A. Berdell, children of the said party of the first part, during-their minority, and to convey the equal' one-third part of such premises by deed in fee, to each of said children respectively, as they shall respectively attain the age of twenty-one years.” The grantee in the deed was in the employment of the grantor, and continued to be so to near the period of his own decease, which took place in the year 1867. During the interval between the execution and delivery of this instrument, it was proved that there had been received from the rents and profits of the premises, the sum of $18,809.77, and part of these proceeds had been invested in other stocks than those already referred to, upon which the dividends had also been paid to the amount of $7,829.70. And it was to recover the plaintiff’s share of these proceeds, after deducting expenses amounting to upwards of $2,000, and her share in the stocks assigned by the assignment *762 made by Robert H. Berdell, that this action was commenced and prosecuted in her behalf. It was further claimed that the testator by omitting to record the deed "delivered to him had deprived the plaintiff of her third of the property described in it, which, according to its terms, was to be conveyed to her when she attained the age of twenty-one years.
As to the latter part of her claim or cause of action, the proof cleárly failed to sustain it, for no injury whatever resulted from the omission to record the deed during the lifetime of the testator Parkhurst. The title still remained down to and after that time, the same as it was when the deed was executed and delivered, and before his decease he delivered the deed to Theodore Berdell, the oldest of the three children, who had then attained the age of twenty-one years. He after that retained the deed in his possession until June, 1873, and then gave it to his brother Charles P. Berdell. He continued to hold it in his possession, and it was not until the twenty-seventh of July, 1874, that Robert H. Berdell, the grantor in the deed, conveyed the property to a purchaser of it in good faith and for the sum of $122,500.
Whatever loss or injury, therefore, may have been sustained by the plaintiff as a consequence of the omission to record the deed, arose entirely from what transpired after the decease of the trustee, and after his responsibility by that event for the administration of the trust, or the care of the property, had terminated. The ability of the grantor to convey a title to the property notwithstanding this deed, immediately resulted from the omission of his two sons, the brothers of the plaintiff, to place the deed upon record as they should have done, and as they had the ability to do, from the time when it passed into the possession of Theodore Berdell, before the decease of the testator. And that supplied no legal cause for complaint against him or against the defendant as his executrix. Besides that, the direction to convey contained in the deed was no more than a power in trust, as distinguishable from the express trusts allowed to be created by the statute 2 R. S. (6th ed.), 1106, § 55. And being a power in trust for the benefit of these three children, the estate in remainder vested in them, subject to the estate of the trustee essential to the execution and administration of the trust. This appears to follow from the provision of the statute declaring that where the trust created shall be valid only as a power, the land shall remain in, or descend to, the persons otherwise entitled, subject to the execution of the trust as a power. 2 R. S. (6th ed.), 1109, § 72.
The loss by the plaintiff of her one-third of this estate is immediately traceable to the neglect of her brothers to record the deed, and only remotely to similar neglect of the testator, while it remained in his possession, and for that, as already intimated, she has no legal right to maintain the action against the defendant. They were at liberty them *763 selves to record the deed, and for the future execution of the trust should have secured the appointment of another trustee under the authority provided for that purpose by 2 R. S. (6th ed.), 1110, § 81. As to so much of the case as related to this one-third of the real estate, the evidence failed to establish any liability against the defendant.
The residue of the action as it was prosecuted, was in form for an accounting of the rents and profits of the real estate and for the securities mentioned in the assignment. The right of action, if it at any time existed, accrued at no later period than the time of the decease of the trustee, which took place on the eleventh day of April, 1867. His office of trustee under the deed expired with his decease at that time, and any right of action which arose for an accounting, then be,came complete. This suit was not commenced until the eighteenth of May, 1885, a period of eighteen years and one month after the decease of the trustee.
The plaintiff attained her majority on the third of December, 1877, and considering the action so far, as one wholly for an accounting, it certainly could not be commenced according to section 388 of the Code of Civil procedure, if that can be held to apply to it, after the expiration of ten years from the time when the right to commence it had accrued. To this, however, must be added the period of one year on account of the disability of infancy provided for by sudivision 3 of section 396 or the Code, and the further term of eighteen months designated by section 403 of the Code, because of the decease of the trustee. According to these provisions if the first one include an action for an accounting, the suit should have been brought within the period of twelve years and six months after the decease of the trustee, which would not extend it beyond the year 1880. As the facts were presented and proved by the evidence, the succeeding delay of five years after that clearly brought the action as a suit for an accounting within these provisions of the Code, even if the ten years limitation could be held to include it. And, if it is to be regarded as a suit upon a contract, obligation or liability, express or implied, except one arising under a sealed instrument, then six years would be the period for its limitation.
But even if the suit, so far as it was designed to include the rents and profits of the real estate, is entitled to be considered as an action upon a sealed instrument under the last paragraph contained in the deed, which was executed by the trustee, and wherein he agreed to accept and faithfully and diligently execute all and singular the trusts contained in it, still the evidence justified the decision that the action was barred by the Statute previous to the time of its commence, ment. It was in that view, among others, that the suit was dismissed by the court, and if that is maintained as a fact in the case, the judgment so far cannot be reversed, even *764 though it may have been improperly decided that the action was not one on a sealed instrument.
There was proof in the case obtained from the deposition of Theodore Bérdell having a direct tendency to establish the fact that the rents and profits of the Wooster street property had been received, to some extent at least, by the tras-tee during his lifetime, but it appeared that the accounts for these rents and profits were k,ept in the books of Robert H. Berdell, the grantor in the deed, and were credited, and not charged to Parkhurst, the trustee. This indicated certainly that the grantor in the deed still retained the control of the property an'd received its rents and profits, and as his children remained members of his family, and the plaintiff herself continued to be so, and was supported and educated by him, it may very well be inferred that in this manner the benefit of her share of the rents and profits was secured to her; that they were appropriated to her support and maintenance through the hands of her father with the assent and under the authority of the trustee, and if they were, it would not be equitable for her now to charge the executrix of the deceased trusteee with a further liability for these rents.
That they had been so used by her father is further supported by the omission to make any charge or claim for them against the defendant before the commencement of this action, while she became and remained a member of the same family after the decease of her husband, until in or about the year 1875. It was further stated in the deposition of Theodore Berdell, that he knew that the trustee- and testator had accounted to his father for the rents of the Wooster street property, and it was for that reason that he himself was not disposed to make-any question concerning them. In the year 1876, the plaintiff commenced a suit in the superior court of the city of New York against her father to recover for the rents and profits of the real estate, from the year 1865 down to the year 1874, and for the value of her interest in it on account of its conveyance by him to a bona fide purchaser, and in that action judgment was recovered against him by his default for the amount alleged to be due to her because of these facts. In her complaint, whiclywas sworn to by her, it was stated that “ Parkhurst permitted, and allowed said Robert H. Berdell to retain possession of said premises and of every part thereof, and to collect the rents, issues and profits thereof, and expend and apply the same to his own use, from the time of the execution and delivery of the said deed down to the month of July, 1874.” And this statement has been embodied in the findings of the court succeeding the trial, as the truthful statement of so much of this case as relates to this part of the action. And if that is the truth, then the trustee at no time received the rents and profits of the property otherwise than in his capacity as a subordinate employee of the grantor in the deed, and as they were received they were credited to the trustee in the books *765 of the grantor and wholly passed in this manner into his hands, instead of being administered by the trustee himself. According to this state of facts the trustee, from the beginning, wholly failed to discharge the obligations nominally, at least, imposed upon him by the trust deed, _ and became liable to the beneficiaries respectively named in it, if they did not have the benefit of the trust in the manner already suggested, for the failure to perform the covenant entered into by him and which has already been mentioned. For that failure an immediate right of action accrued in favor of each of the beneficiaries, and if they could take advantage of this covenant, made directly and expressly with the grantor in the deed, as they probably might under the authority of Van Schaick v. Third Avenue R. R. Co. (38 N. Y., 346), and Coster v. Mayor of Albany (43 N. Y., 399, 410, 411), the action should have been commenced before the expiration of twenty years from that time, adding thereto the two years and six months already mentioned, because of the infancy of the plaintiff and the decease of the testator, but the suit was not commenced within that time for the right of action, according to this view of the case, arose immediately after the execution and delivery of the deed, which was on the twelfth of December, 1862, while the suit was not commenced until the year 1885, which would exceed the period of twenty-two years and six months from the time when this cause of action accrued. The court was accordingly right in determining that so far the action was not commenced within the time prescribed by the statute, and this defense was fully presented by the answer. The decision to that extent was supported by the facts.
But as to the agreement of assignment which was made on the twelfth of December, 1862, this defense, resting on the statute, does not appear to have been made out. By that agreement Robert H." Berdell assigned to the testator certain shares of stock mentioned in it, which were to be used by him in the payment of a mortgage of $13,000 on the Wooster street property conveyed by the deed.
These shares of stock were not used by the trustee for the payment of this mortgage, but according to the testimony of. Theodore Berdell, the shares were exchanged by the testator for $13,000 Long Dock bonds. His testimony was that the testator explained to him that these bonds were deposited with him by Robert H. Berdell in place of the corporate shares mentioned in the assignment, and which were held to pay off the mortgage of $13,000 on the real estate. The evidence of the defendant, as it had been given in the suit of Eliza W. Parkhurst against Robert H. Berdell and others, was read upon the trial of this action, and from that it appeared that fifteen one thousand dollar Long Dock bonds had been received by her as a part of the estate of her husband, after her appointment as executrix, under his will. It was not denied but that these bonds were the same as *766 tad been placed in the hands of the testator in the manner already stated, as a substitute for the corporate shares mentioned in the assignment, and if they were as the fact under the evidence may be safely assumed to be, then they passed into her hands subject to this obligation of using and appropriating the bonds for the payment and satisfaction of the mortgage of $13,000, only $2,000 of which appear at any time to have been paid, and she was not relieved from the obligation of appropriating and using these bonds in this manner at any time prior to the conveyance of the property by Robert H. Berdell, which was made in the year 1874. As to these bonds, therefore, the defendant, if she is liable-at all, is chargeable with the obligation of accounting for them, but the legal difficulty in this part of her case is that this obligation did not exist either in whole or in part in favor of the plaintiff. It was, on the other hand, so far as it may be a liability, a liability to Robert H. Berdell himself under the agreement made by the testator with him. By that agreement the testator covenanted “to sell and dispose of the above mentioned stocks, and convert the same into money, and with the proceeds of such sale or sales, to pay and satisfy when the same shall become due, the principal sum and interest, secured by said mortgage, and after satisfying said mortgage as aforesaid, to pay over to the party of the first part the residue of the proceeds from such sale or sales, and doth further covenant and agree faithfully and diligently to execute the trust herein, upon and according to the true intent and meaning thereof.” And after the sale and conveyance of the real estate, this obligated the testator to return these bonds to Berdell. And after his decease the same obligation rested upon the defendant as his executrix, as the bonds passed into her possession as a part of th'e estate of her husband. As the case has been presented, there appears to be no legal ground of complaint against the judgment recovered in the action.
The plaintiff had neither an equitable nor a legal right to maintain it, and the judgment should therefore be affirmed.
Van Brunt, Oh. J., and Bartlett, J., concur.