## FLAGG v. FISK et al.

(Supreme Court, Appellate Division, First Department. April 8, 1904.)

1. CONTRACT—BREACH—CONDITION PRECEDENT.

Where a promisor absolutely and in toto repudiates a contract to pay a certain indebtedness within three months after other creditors are paid, it is not necessary to allege, in a suit on the contract, the existence of the condition precedent.

2. CONTRACT TO PAY DEBT OF ANOTHER—CONSIDERATION.

A sale, by the next of kin of a deceased partner to the surviving partner, of their interest, giving such survivor the right to continue the business without liquidation, and appropriate the firm name and good will, is a sufficient consideration for a promise on his part to pay a firm debt to a third person.

3. USURY—PURCHASE PRICE OF PROPERTY.

A promise to pay the debt of a third person, with interest thereon at 10 per cent. to a certain time, and at 6 per cent. thereafter, made in consideration of a sale of property to the promisor, is not tainted with usury, as usury can only be predicated of the loan or forbearance of the use of money.

4. CONTRACT TO PAY DEBT OF ANOTHER—ACTION BY CREDITOR—PRIVITY.

The widow of a deceased partner sold her interest to the surviving partner, part of the consideration being his payment of a firm debt due her

mother, whose only heir and next of kin she was. *Held,* that the contract could be enforced by the widow as her mother's administratrix, a sufficient privity having existed between them to support the mother's right of action.

5. SAME—PROOF OF AMOUNT—RELEVANCY OF BOOKS OF ACCOUNT.

Where, in an action by a creditor against a third person on his promise to pay the debtor's debt, the amount thereof is established from the debtor's ledger, the remainder of the debtor's books are properly excluded, no item being pointed out in the offer thereof which had any bearing on the amount or which would contradict the ledger account, and it not being indicated how any items contained therein would tend to defeat the creditor's claim.

Appeal from Trial Term, New York County.

Action by C. C. Flagg, as administratrix of the estate of Emily Kennedy, deceased, against Almira G. Fisk and another, as administrators of the estate of Henry G. Fisk, deceased. From a judgment for plaintiff, entered on a directed verdict, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Henry B. Kinghorn, for appellants.

Mortimer Kennedy Flagg, for respondent.

HATCH, J.    The plaintiff is the daughter and sole heir at law and next of kin of her intestate. The action is brought to recover damages for the breach of a contract under seal. The contract was made on or about July 21, 1900, under the following circumstances: On and prior to June 9, 1900, the defendants' intestate and Thomas J. Flagg were copartners, doing business under the firm name of Fisk, Clarke & Flagg. On June 9, 1900, Thomas J. Flagg died, leaving, him surviving, the plaintiff, his widow, Emily Lee Flagg, his daughter, and Mortimer Kennedy Flagg, his son, his only heirs at law and next of kin. Upon Mr. Flagg's death, Mr. Fisk, the defendants' intestate, became the sole surviving partner of said firm. It appeared that Mr. Fisk desired to avoid liquidation of the firm affairs, and to continue the business without dissolution. At this time there appeared upon the books of the firm an indebtedness to the plaintiff's intestate in the sum of $24,651.82, and the plaintiff, individually, her son and daughter, and the plaintiff, for her mother, the said Emily Kennedy, entered into a written contract with the defendants' intestate, under seal, in which they sold and assigned to the said Henry G. Fisk the entire business, of whatever nature, of the said firm of Fisk, Clarke & Flagg, with the right to continue the use of the firm name, upon the consideration that the said Fisk should pay to this plaintiff individually the sum of $3,000, and that there should be paid to the said Emily Kennedy the amount which appeared to be due to her upon the firm's books, together with interest thereon at the rate of 10 per cent. from the date of said contract until the 1st day of January, 1901, after which time it should draw interest at the rate of 6 per cent. until fully paid; that Emily Kennedy's claim should not become due and payable until all other creditors of the firm were fully paid. Mr. Fisk accepted the benefits of the contract upon his part, and continued the business under the old firm name. Subsequently he

repudiated the contract by refusing to pay to said Emily Kennedy, or to her personal representatives, any sum whatsoever, whether interest or principal. Thereupon the plaintiff brought this action in her representative capacity, Mrs. Kennedy having died prior to the commencement thereof. Upon the trial the court directed a verdict for the full amount called for under the contract. Cornelia C. Flagg had previously brought an action to recover the amount due to herself personally upon the said contract, and procured a judgment therefor, from which judgment the defendant appealed to this court, where the same was affirmed without opinion.

The answer put in issue by several denials the execution of the contract, its breach, and other matters. For affirmative defenses it averred payment, usury, the statute of limitations, and that nothing had become due by virtue of the contract, for the reason that it was not made to appear that all of the creditors of Fisk, Clarke & Flagg had been fully paid and discharged, and that three months had elapsed therefrom. The affirmative defenses were made the basis of a motion to dismiss the complaint at the close of the trial upon the proof of the plaintiff. The defendants offered no proof in their defense. While the contract provided that the creditors of the firm should be first paid prior to the discharge of Mrs. Kennedy's claim, yet it also appeared that the defendants repudiated the fulfillment of the contract in toto, and claimed not to be bound thereby. The breach of the contract, therefore, upon their part being established, a cause of action immediately accrued in favor of the parties affected thereby, without regard to conditions precedent contained in the contract. Shaw v. Republic Life Ins. Co., 69 N. Y. 286; Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285. The contract made between the parties was founded upon a valuable consideration, and as such is clearly enforceable, assuming that plaintiff's intestate acquired an interest thereunder. This was necessarily the effect of our former decision, although no opinion was written therein expressing the views of the court. 84 N. Y. Supp. 1125. We also necessarily held that the contract sued upon was not tainted with usury. This is clearly so upon principle, and is sustained by authority. The contract did not purport to be for the loan or forbearance of the use of money, to which alone usury would apply. The consideration for this contract was a sale of the interest of the parties in the former firm of Fisk, Clarke & Flagg, and by its terms it gave to Henry G. Fisk, as sole surviving partner of said firm, the right to continue and carry on the business without liquidation, take over and appropriate to himself the firm name, its good will, etc.; and in consideration of such sale he agreed to pay certain sums, among which was the claim of plaintiff's intestate, together with interest thereon at 10 per cent. for a specified period of time, and 6 per cent. thereafter. The consideration, therefore, for this promise to pay was the sale of this business, and the right to continue it in the firm name without liquidation of the partnership affairs. Usury can never be predicated of the consideration paid for the purchase of property. This court so held under the decision above referred to, and numerous cases support the doctrine. Cutler v. Wright, 22 N. Y. 472; Meaker v. Fiero, 145 N. Y. 165,

39 N. E. 714; Orvis v. Curtiss, 157 N. Y. 657, 52 N. E. 690, 68 Am.
St. Rep. 810. The execution of the contract was not disputed, and
its breach was established. The plaintiff, therefore, became entitled
to recover, if the promise to pay this debt, with interest, inured to her
benefit so as to permit of its enforcement by her administrator.

It appears from the testimony that Mrs. Kennedy did not execute
the contract. It was executed upon her behalf by Mrs. Flagg, who
was at the time attending to her matters, and it was executed pur-
suant to the advice of their attorney, who was acting for Mrs. Ken-
nedy and Mrs. Flagg, and was accepted by Fisk, the purchaser, as sat-
isfactory to him, under the advice of counsel. We are of opinion that
the contract inured to the benefit of Mrs. Kennedy, and may be en-
forced by her as one made for her benefit, and that the plaintiff, as
her representative, has legal capacity to enforce such right. Mrs.
Flagg was the personal representative of her husband, who was for-
merly a member of the firm of Fisk, Clarke & Flagg. Such firm was
liable for the debts which it owed, among which was that of Mrs.
Kennedy, and the estate of Flagg, deceased, might, in the event of the
failure of partnership assets, become liable for the whole amount.
Mrs. Flagg, therefore, had a direct interest in having this claim paid,
in order that the interest possessed by her husband in the firm's assets
might be relieved from this charge, and also that his estate might not
become chargeable with its payment. An obligation and duty, there-
fore, rested upon her to provide for the payment of the claim. The
relation which existed between Mrs. Kennedy and Mrs. Flagg was
that of mother and daughter, and Mrs. Flagg is the sole heir at law
and next of kin of her mother. It was the contract which provided
for the payment of the debt; therefore it was for the direct pecuniary
interest and advantage of Mrs. Flagg, both as related to the liabilities
of her deceased husband, and of her interest in the estate of her mother,
and the natural obligation which she was under to her. The relation
which existed I think sufficient to support the contract to pay the debt
of Mrs. Kennedy, and also her right to enforce it. Todd v. Weber,
95 N. Y. 181, 47 Am. Rep. 20; Buchanan v. Tilden, 158 N. Y. 109, 52
N. E. 724, 44 L. R. A. 170, 70 Am. St. Rep. 454. It was to the direct
pecuniary benefit of Mrs. Kennedy to secure payment of her debt.
The consideration which moved from her daughter to the surviving
member of the firm affected in a marked degree the security for the
payment of her claim. She had a direct personal interest therein and
in the property of the firm, as it was the source of security for the dis-
charge of her obligation. The promise to pay was therefore for her
benefit, and she may enforce it within the rule of Lawrence v. Fox,
20 N. Y. 268. The doctrine of this case has never been distinguished
or modified, in its application, to a degree which at all militates against
it as an authority in support of the right of the plaintiff to maintain
this action. On the contrary, such right has been asserted in principle
in many cases. Van Schaick v. Third Ave. R. R. Co., 38 N. Y. 346;
Coster v. The Mayor, 43 N. Y. 399; The Rector, etc., v. Teed, 120
N. Y. 583, 24 N. E. 1014. There was no agreement for the loan or
forbearance of money by Mrs. Kennedy at any time. The debt which
was due to her was made use of as a consideration for the purchase price

of this business, and, as we have already seen, Mrs. Flagg had a direct pecuniary interest in the sale and the consideration paid therefor; and the fact that she insisted that a part of such consideration should be this debt and a given rate of interest does not make the contract usurious, nor does it possess under such circumstances a single element of that vice. We reach the conclusion, therefore, that the plaintiff has standing to enforce this contract for the benefit of the estate which she represents.

Nor was the failure to show that there were no outstanding creditors of the firm of Fisk, Clarke & Flagg remaining unpaid at the time of the commencement of the action an answer thereto. The defendants were in no position to take advantage of such fact, if it be admitted to exist. They had repudiated the contract as void, and refused to recognize it as a subsisting liability which they were bound to discharge; consequently they cannot repudiate the contract and then take advantage of a clause they might have insisted upon had they fulfilled its terms. The court is not now concerned with the rights of creditors as against the claim here asserted.

The debt and its amount was established to exist from the ledger of the firm, independent of its recognition in the contract, and the offer of all of the books of the firm in evidence by the defendant was therefore properly excluded. No item was pointed out in the offer which showed that it had any bearing upon the amount, or which would contradict the ledger account; nor was it otherwise pointed out wherein, or how, any items contained therein would tend to defeat plaintiff's claim. We think the court was therefore right in directing a verdict for the full amount of the claim.

The judgment entered thereon should therefore be affirmed, with costs. All concur.