MOSES TANENBAUM, Respondent, *v.* FEDERAL MATCH COMPANY, Appellant. (Action No. 1.)

*Contract to pay $4 per year for each $100 of insurance — where policies are canceled by the companies new policies must be furnished without charge.*

Where a corporation makes a contract with an individual by which the corporation constitutes the individual its agent for the purpose of supplying it with not less than $50,000 fire insurance for a period of ten years 'and agrees to pay the individual $4 per year for each $100 of insurance procured, if the individual, during the first year of the contract, procures fire insurance to the amount of $50,000 for the corporation and receives from the corporation therefor the sum of $2,000, he is not entitled to collect from the corporation, at the

agreed rate, for additional insurance policies which he procured during the year in question to take the place of other policies canceled by the insurance companies issuing them.

APPEAL by the defendant, the Federal Match Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of April, 1904, upon the verdict of a jury rendered by direction of the court after a trial at the New York Trial Term, and also from an order entered in said clerk's office on the 26th day of April, 1904, denying the defendant's motion for a new trial made upon the minutes.

*Dickinson W. Richards,* for the appellant.

*Ernest Hall,* for the respondent.

McLAUGHLIN, J.:

This action was brought to recover the sum of $300, with interest thereon, from a time specified — premium alleged to have been paid by the plaintiff in procuring for the defendant certain insurance policies under a written contract, copy of which was made a part of the complaint.

The complaint alleged that by the contract the defendant constituted the plaintiff its agent for the purpose of supplying all its fire insurance, which should not be less than $50,000 per year for a period of ten years, commencing on the 10th of November, 1900, upon its merchandise, machinery, fixtures, etc., contained in its building and manufacturing plant at Paterson, N. J.; that the defendant, by said contract, agreed to pay the plaintiff at the uniform rate of $4 per year for every $100 of insurance procured; that between the 18th of March and the 17th of April, 1901, the plaintiff procured and delivered to the defendant two policies amounting in the aggregate to $7,500, and by reason thereof there was due and owing to the plaintiff, under the terms of the contract, four per cent on the amount of insurance effected, viz., $300.

The answer denied that the policies in question were procured in accordance with the terms of the contract or that they were received and accepted by the defendant, or that it was liable to pay therefor. Other defenses were pleaded, but the conclusion at which we have arrived renders it unnecessary to consider them.

The contract referred to in the complaint provided, in the 2d paragraph thereof, that the defendant would pay on demand to the plaintiff " at the uniform rate of four dollars per year * * * for every one hundred dollars of insurance procured * * *." The plaintiff testified at the trial that after the contract went into effect he procured thereunder two policies of insurance and delivered the same to the defendant — one for $5,000 in the American Under-writers, and one for $2,500 in the New England Underwriters; that he paid the premiums on these policies to the insurance companies and was entitled to receive from the defendant by reason thereof, under the terms of the contract, $300. On his cross-examination the defendant endeavored to show that prior to the plaintiff's obtaining the policies referred to in his direct examination he had procured other policies aggregating $50,000 for which it had paid to him four per cent thereon, or $2,000, and that the policies in question were obtained to take the place of policies for a similar amount which had been canceled by the companies issuing them. This proof was objected to as immaterial and irrelevant. The objection was sustained and an exception taken. The plaintiff having offered the foregoing proof rested, and thereupon the defendant sought to prove by its treasurer what it had been prevented from proving by the plaintiff, viz., that after the contract went into effect and before the issuance of the policies referred to in the complaint and in plaintiff's testimony, plaintiff procured for the defendant policies aggregating $50,000, for which it paid him four per cent or $2,000, and that the procurement of the policies referred to by the plaintiff and mentioned in his complaint was simply to take the place of two other policies for a similar amount which had been canceled at the instance of the company issuing them. This proof was also excluded and an exception duly taken.

I am of the opinion that the court erred in each instance and that the exceptions taken necessitate a reversal of the judgment. The contract must be construed in the light of all the facts and circumstances surrounding both parties at the time it was made, and when so construed there can be no doubt as to its meaning. The defendant wanted to procure $50,000 of insurance for a term of ten years. This the plaintiff agreed to furnish on condition that the defendant pay him " at the uniform rate of four dollars per year * * *

for every one hundred dollars of insurance." The words just quoted indicate as clearly as words can what the parties had in mind, which was that the maximum amount which it would be required to pay to carry the $50,000 insurance was $2,000, or $4 on each $100 per year. The defendant wanted insurance, not for a day, a week or a month, but for a specified time, viz., ten years, and to get the same it agreed to pay $4 for each $100 of insurance for a year, or $40 for ten years. It cannot be that the parties ever contemplated that the defendant was to pay $4 for each $100 of insurance procured, irrespective of the time it remained in force, because if this were true, then it is not difficult to see, if the policies were canceled often enough, the amount which defendant would be required to pay to plaintiff in commissions would exceed the value of the property insured. Under the contract, if policies were canceled by the companies issuing them during the year, plaintiff was obligated at his own expense, defendant having previously paid for the same, to procure other policies for a similar amount. This is what the contract — giving it any reasonable construction — provides, and to hold otherwise would necessitate giving it not only a forced and unreasonable construction, but also eliminating from it the words " at the uniform rate of four dollars per year  *  *  *  for every one hundred dollars of insurance."

If this view as to the construction of the contract be correct, then it necessarily follows that the defendant was entitled to prove that it had already paid to the plaintiff $2,000 to keep in force $50,000 of insurance for a period of one year and that the policies in question were procured by the plaintiff simply to take the place of other policies for a similar amount which had been canceled by the insurance companies. If such proof had been made, and that fact had been conceded, or the jury had so found, the plaintiff would not have been entitled to recover.

The judgment appealed from, therefore, must be reversed and a new trial ordered, with costs to appellant to abide the event.

Van Brunt, P. J., Ingraham, Hatch and Laughlin, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.