MOSES TANENBAUM, Plaintiff, v. FEDERAL MATCH COMPANY, Defendant. (Action No. 2.)

*Contract to pay $4 per year for each $100 of insurance — what insistence by one party upon an incorrect construction thereof justifies the other party in repudiating it — an action for damages for its repudiation does not accrue until a payment falls due thereunder.*

The Federal Match Company entered into a contract with one Tanenbaum, by which Tanenbaum agreed to procure for it each year for a period of ten years from November 10, 1900, fire insurance to the amount of at least $50,000, in consideration of which the Federal Match Company agreed to pay him $4 per year for each $100 of insurance procured. During the first year that the contract was in existence Tanenbaum procured for the Federal Match Company insurance to the amount of $50,000, for which the match company paid him $2,000. Within four or five months after the procuring of such insurance two of the insurance policies, aggregating $7,500, were canceled by the insurance companies issuing them. Tanenbaum procured two other policies to take the place of the canceled policies and demanded from the match company a further commission of $300, claiming that he was entitled thereto under the contract. The match company denied the correctness of his interpretation of the contract, and stated that it would refuse to accept the policies or further perform the contract if it was to be thus construed. It then returned the policies for cancellation to the companies which issued them and sent to Tanenbaum the returned premiums received.

*Held*, that Tanenbaum could not maintain an action against the match company for the breach of the contract, for the reasons:

*First.* That his construction of the contract was improper, and that his refusal to recede from the position which he had taken in respect thereto constituted a breach of the contract on his part which justified the match company in refusing to make further performance; and

*Second*, that the assertion of the defendant, on June 1, 1901, that it would not make any further payments on the contract did not place it in default and give the plaintiff an immediate right of action; that such right of action would not accrue to the plaintiff until the defendant had refused, at the time it became payable, to make the next payment due under the contract, which time, November 10, 1901, had not arrived when the action was commenced.

INGRAHAM, J., dissented.

MOTION by the defendant, the Federal Match Company, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance, upon the verdict of a jury in favor of the plaintiff, rendered by direction of the court after a trial at the New York Trial Term.

The issues of fact were brought to trial at a Trial Term held in April, 1904, in New York county.

*Ernest Hall*, for the plaintiff.

*Dickinson W. Richards*, for the defendant.

McLAUGHLIN, J.:

This action was brought to recover liquidated damages specified in a contract between the parties, upon the theory that the plaintiff had become entitled to the same by reason of defendant's failure to perform.

The complaint alleged that on the 20th of September, 1900, the parties entered into a contract, a copy of which was annexed to and made a part of the complaint, by which the plaintiff agreed to procure for the defendant, each year for a period of ten years from the 10th of November, 1900, at least $50,000 fire insurance upon its property, in consideration of which the defendant agreed to pay him on demand the uniform rate of $4 per year for every $100 of insurance procured ; that the plaintiff had fully performed on his part and was ready and willing to continue to perform the contract according to its terms for the full period therein specified, but that on or about the 1st of June, 1901, the defendant repudiated said contract and refused to perform, by reason whereof plaintiff had become entitled to the liquidated damages provided for in the following provision of the contract : " It is further specifically understood and agreed that if said party of the second part shall, at any time during the period of this contract, sell or dispose of its business or discontinue business, or for any other reason shall not require or take insurance under this agreement as hereinbefore provided, the parties of the first part shall forthwith be entitled to recover from said party of the second part the sum of five hundred (500) dollars for each year or portion of a year of the then unexpired term of said contract."

The defendant by its answer denied substantially all the material allegations of the complaint and set up certain other defenses which it is unnecessary to consider.

At the trial it appeared that after the contract went into effect plaintiff procured for the defendant $50,000 insurance for the first

year, for which it paid him $2,000, viz., $4 on each $100; that within four or five months thereafter two of the policies thus procured, aggregating $7,500, were canceled at the instance of the companies issuing them; that thereupon plaintiff procured two other policies to take their place and forwarded them to the defendant, with a demand for the further commission of four per cent or $300; that upon receipt of the policies and the demand the president of the defendant immediately called upon the plaintiff and in effect said to him that the contract did not call for such payment and the defendant would not pay the bill; the plaintiff insisted that it should be paid and that the contract provided he was entitled to receive four per cent commission on each $100 insurance which he procured, and this irrespective of whether it was to take the place of previous insurance or not; this the defendant denied, and in effect said it would refuse to accept the policies or further perform the contract if it were to be thus construed; the defendant did not accept the policies, as evidenced by the fact that it immediately returned them to the companies issuing them for cancellation, and sent to the plaintiff the return premium received.

The trial court, at the conclusion of the trial, directed a verdict in favor of the plaintiff for $4,708.33 damages, together with interest thereon from June 1, 1901, to the date of the trial, making in all $5,520.80, to which direction defendant excepted and the exceptions were ordered to be heard in the first instance by the Appellate Division.

I am of the opinion that defendant's exceptions were well taken. Under the terms of the contract the plaintiff, according to our decision in action No. 1, between the same parties (102 App. Div. 520), was obligated to furnish to the defendant at least $50,000 insurance per year and to keep the same good during the year, the defendant paying therefor on demand four per cent commission, or $4 on each $100 insurance. The plaintiff furnished $50,000 insurance the first year and the defendant paid him the $2,000 required; $7,500 of this insurance having been canceled by the companies issuing it, the plaintiff was bound to make the same good by procuring other insurance, without any further payment on the part of the defendant, and when he procured this insurance he had no right to insist, as a condition of his carrying out the contract, that further commis-

sions be paid. He saw fit to make such demand, however, and when remonstrance was made that he had no right to do so under the terms of the contract, announced that he would not only insist upon defendant's paying the same, but would also insist upon a similar payment on each $100 of insurance thereafter procured, even though it cost defendant $100,000 a year to keep $50,000 insurance in force. The defendant was thus placed in a position of then either acquiescing in the construction which the plaintiff put upon the contract, or else, if the contract were to be so construed, repudiating it. It must be remembered the policies were delivered with a demand that the defendant pay an additional four per cent commission on each $100 thereof. Under such circumstances, if the defendant had retained the policies, it might well be doubted whether it would not have been obligated to pay the additional amount claimed, upon the ground that a practical construction had then been placed upon the contract by the parties to it. (*Nicoll* v. *Sands,* 131 N. Y. 19, 24; *Woolsey* v. *Funke,* 121 id. 87; *Insurance Co.* v. *Dutcher,* 95 U. S. 269, 273.) Plaintiff having taken this position and having refused to recede therefrom, although requested to do so by the defendant, could not maintain an action to recover the liquidated damages specified in the contract, because his own act amounted to a breach of it on his part, which justified the defendant in refusing to further perform.

There is another view which it seems to me prevented a recovery by the plaintiff. As already indicated plaintiff had received $2,000 for placing $50,000 insurance, which was the amount he was bound to keep good for one year. The contract so provides and the defendant was not required to make any further payment until the expiration of the year, which was the 10th of November, 1901. This action was commenced several weeks prior thereto and at a time when there was nothing due to the plaintiff under the contract. If our construction of the contract be correct, viz., that the defendant was only obligated to pay $4 on each $100 insurance procured, which the plaintiff was bound to keep in force for one year, then the defendant had performed the contract on its part so far as required until the 10th of November, 1901. The fact that it asserted on the 1st of June, 1901, that it would not make any further payments under the contract did not put it in default and

give plaintiff an immediate right of action — nothing then being due — any more than it would if plaintiff had held its promissory note and defendant had said in advance of the time it became due that it would not pay it (*Burtis* v. *Thompson*, 42 N. Y. 246); in other words, the plaintiff was not damaged until a payment under the contract was withheld after it became due. Until that happened no legal right of the plaintiff had been violated, and by reason thereof he had sustained no damage. The action was commenced before that time.

I think the court erred in directing a verdict for the plaintiff and that defendant's exceptions to such direction were well taken. If I am correct in this, then it follows that the exceptions must be sustained and a new trial ordered, with costs to the defendant to abide the event.

VAN BRUNT, P. J., HATCH and LAUGHLIN, JJ., concurred; INGRAHAM, J., dissented.

INGRAHAM, J. (dissenting):

I dissent from the reversal of this judgment. I think upon the conceded facts that the defendant repudiated the contract and refused further to comply with its provisions and that thereby the plaintiff became entitled to recover. The fact that the plaintiff had made a claim based upon an incorrect construction of the contract as to policies issued in place of policies canceled did not justify the defendant in refusing to comply with the contract. I do not understand that the "defendant was thus placed in a position of then either acquiescing in the construction which the plaintiff put upon the contract, or else, if the contract were to be so construed, repudiating it." The defendant could insist upon its construction of the contract, leaving the plaintiff to recover if he could the price agreed to for the policies taken out in place of those that had been canceled, but such a claim by the plaintiff did not, as I view it, justify the defendant in repudiating the contract.

I think the judgment should be affirmed.

Exceptions sustained and new trial ordered, costs to defendant to abide event.