## TANENBAUM v. FEDERAL MATCH CO.

(Supreme Court, Appellate Division, First Department.  March 9, 1906.)

**1. INSURANCE—BROKERS—CONTRACT—CONSTRUCTION.**

Where plaintiff, an insurance broker, contracted to keep defendant insured to a specified amount for 10 years at a uniform brokerage of $4 per year for each $100 of insurance procured, policies obtained by plaintiff to take the place of life annual insurance canceled by the insurers were not new insurance, and defendant was not liable to pay commissions thereon.

**2. JUDGMENT—RES JUDICATA EVIDENCE.**

Where defendant's nonliability to pay plaintiff brokerage for obtaining policies of insurance to take the place of policies canceled by the insurers had been determined in the prior action between the parties, the judgment roll in such action was admissible to prove such fact in a subsequent action between the same parties for similar relief.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, § 1810.]

Appeal from Trial Term.

Action by Moses Tanenbaum against the Federal Match Company. From a judgment in favor of defendant, and from an order denying plaintiff's motion for a new trial, he appeals.  Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, AND HOUGHTON, JJ.

Ernest Hall, for appellant.
Dickinson W. Richards, for respondent.

PER CURIAM.  The facts here presented are substantially the same as those presented on the former appeal (92 N. Y. Supp. 685) and the judgment would be affirmed on the opinion then delivered were it not for the fact that upon the argument of the present appeal it was suggested that the justice writing the former opinion misapprehended the facts, especially as to the amount of insurance which the defendant was required to take during the first nine months of the term of the contract, and also in assuming that the policies which were issued after the fire was not new insurance, but simply to take the place of policies which had been canceled.  The contract was for a term of 10 years from the 10th of November, 1900, and required the defendant to carry for that period at least $50,000 insurance for each year.  It is true the contract was modified to the extent claimed by the appellant's counsel, which fact was overlooked by the justice writing the former opinion; but this in no way changed or affected the legal rights of the parties under the contract as there determined.  It was then held that, under the terms of the contract, the plaintiff was obligated to furnish the defendant at least $50,000 of insurance per year, and to keep the same good during the year; the defendant paying therefor on demand 4 per cent. commission, or $4 on each $100 of insurance.  Under the modification of the contract, only $30,000 of insurance was taken for the first three months, and $40,000 for the next six months.  This amount was furnished by the plaintiff, and paid for by the defendant.  A portion of this insurance ($7,500) having been canceled before the expiration of the year, the plaintiff was bound to furnish other insurance for a similar amount

without any further payment by the defendant. This he in effect re-fused to do by insisting, when he furnished such insurance, that the plaintiff must pay therefor an additional 4 per cent. on each $100 of the same, irrespective of whether it was issued to take the place of canceled insurance or not. This was not new insurance. It was simply to take the place of the insurance which had been canceled by the companies issuing the policies. The fact that more was on merchandise and less on machinery did not change the situation. The defendant had paid for $7,500 of insurance, to take the place of which these policies were issued, and the plaintiff could not attach, when he furnished such poli-cies, a condition that the defendant should pay 4 per cent. on each $100 thereof. Defendant was under no obligation to pay such charge. This was settled and determined in the action brought by the plaintiff against this defendant to recover such sum, and for the purpose of showing that fact the judgment roll in that action was properly received in evi-dence on the trial of this action. The case of Flagg v. Fisk, 93 App. Div. 169, 87 N. Y. Supp. 530, cited by the appellant, is not in conflict with the decision here made.

For these reasons and those assigned in the former opinion, the judg-ment and order appealed from are affirmed, with costs.