■ UTILITY GARAGE CORPORATION, Respondent, v NATIONAL BISCUIT COMPANY, Appellant, et al., Defendant.—Order, Supreme Court, New York County, entered March 2, 1979, modified, on the law, without costs to the extent of granting defendant's motion to strike specified paragraphs of the complaint relating to claims for future rent and taxes, and otherwise affirmed. On September 28, 1959, plaintiff leased to the defendants parts of a certain building for a period fixed to expire on February 28, 1980. In February, 1978, after informing plaintiff by letter that the premises had become "untenantable", defendant began to withhold rent. In return letters dated February 27, and March 16, 1978, respectively, plaintiff denied that the premises were untenantable and notified defendant as required by a lease provision that an action would be commenced if the overdue rents were not paid. Thereafter, on March 23, 1978, plaintiff commenced a Civil Court action to recover rents for February and March. An amended complaint thereafter updated the demand for rent until May, 1978. In a letter dated July 19, 1978, defendant informed plaintiff that, as a result of the untenantable condition of the premises and plaintiff's failure to correct the conditions for a specified period of time, it was exercising its option under the lease to terminate the lease and surrender the premises. This action followed, seeking, as here pertinent, future rents and taxes for the remainder of the lease term. Defendant moved, pursuant to CPLR 3211 (subd [a], par 7), for an order striking varied paragraphs of the complaint to the extent that they sought rent and real property taxes not yet accrued, and further moved pursuant to CPLR 3211 (subd [a], pars 3, 7) for an order dismissing the complaint on the ground that plaintiff had not given notice of the instant action prior to its commencement. Special Term denied both motions. We disagree with that part of Special Term's order that denied the motion to strike specified paragraphs of the complaint that sought future

rents and taxes. The principle is firmly established that "no suit can be brought for future rent in the absence of a clause permitting acceleration." *(Maflo Holding Corp. v S. J. Blume, Inc.,* 308 NY 570, 575; see, also, *Long Is. R. R. Co. v Northville Inds. Corp.,* 41 NY2d 455; cf. *Hermitage Co. v Levine,* 248 NY 333, 337.) We are in agreement, however, with Special Term's determination that the action is not barred because plaintiff did not give the notice prescribed in the lease prior to commencing the instant action. In a letter dated July 19, 1978, referred to earlier, defendant quite definitively undertook to terminate its obligations under the lease and to surrender the premises. Where a party has entirely repudiated its obligations under an agreement, it may not, in the usual situation, rely upon the failure to receive a notice of a contemplated legal action required in the repudiated agreement to defeat the action. (10 NY Jur, Contracts, § 395; *Flagg v Fisk,* 93 App Div 169, affd 179 NY 590.) In any event, as Special Term appropriately observed, the notice given to defendant in connection with the related Civil Court actions represents an adequate compliance under these circumstances with the lease requirement. Concur—Sandler, J. P., Bloom, Markewich, Silverman and Ross, JJ.