■ WALDBAUM, INC., Respondent-Appellant, v FIFTH AVENUE OF LONG ISLAND REALTY ASSOCIATES, INC., Appellant-Respondent. [606 NYS2d 764] —In an action, *inter alia,* for a judgment declaring that the plaintiff is not in default of its obligations under a commercial property lease, the defendant appeals, as limited by its notice of appeal and brief, from stated portions of an order of the Supreme Court, Nassau County (Hart, J.), entered May 14, 1993, which, *inter alia,* extended a *Yellowstone* injunction, and the plaintiff cross-appeals, as limited by its notice of appeal and brief, from stated portions of the order which, *inter alia,* confirmed the report of a Special Referee which declared it to be in default of the lease and directed future inspections of the premises by the landlord after the default is cured.

Ordered that the order is modified, on the law, by deleting the provision thereof which confirmed the seventh paragraph of the recommendations of the Special Referee, and substituting therefor a provision disaffirming that recommendation; as so modified, the order is affirmed, without costs or disbursements.

This case concerns an effort by the defendant, Fifth Avenue of Long Island Realty Associates, Inc. (hereinafter Fifth Avenue Realty), to cancel a commercial lease to the plaintiff Waldbaum, Inc. (hereinafter Waldbaum). The defendant attempted to terminate the lease based on alleged violations, including, *inter alia,* failure to operate a "first class" store.

Contrary to Fifth Avenue Realty's assertions on appeal, the Supreme Court properly granted Waldbaum a *Yellowstone* injunction *(see, First Natl. Stores v Yellowstone Shopping Ctr.,* 21 NY2d 630; *Post v 120 E. End Ave. Corp.,* 62 NY2d 19; *Suarez v El Daro Realty,* 156 AD2d 356). This injunction, once granted before the cure period under the lease had expired,

was properly extended by the court *(see, Mann Theatres Corp. v Mid-Island Shopping Plaza Co.,* 94 AD2d 466, *affd* 62 NY2d 930; *cf., Fratto v Red Barn Farmers Mkt. Corp.,* 144 AD2d 635; *Continental Towers Garage Corp. v Contowers Assocs. Ltd. Partnership,* 141 AD2d 390). The injunction also tolled the cure period applicable to the renewal option clause of the lease *(cf., J. N. A. Realty Corp. v Cross Bay Chelsea,* 42 NY2d 392; *Sy Jack Realty Co. v Pergament Syosset Corp.,* 27 NY2d 449; *Souslian Wholesale Beer & Soda v 380-4 Union Ave. Realty Corp.,* 166 AD2d 435; *Vanguard Diversified v Review Co.,* 35 AD2d 102).

Although we find that the Supreme Court properly credited the Special Referee's finding that Waldbaum was in default of the lease, it improperly confirmed paragraph seven of the Referee's recommendations that the defendant's "designated health inspector" inspect the premises monthly after the default is cured and that the court retain jurisdiction over the parties to determine all future disagreements between them concerning those inspections. The parties' future conduct is regulated by the terms of the lease, and the implementation of the Special Referee's findings in paragraph 7 would constitute an impermissible rewriting of the lease *(see, Slamow v Del Col,* 174 AD2d 725, *affd* 79 NY2d 1016). Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.