*603
 
 OPINION OF THE COURT
 

 Levine, J.
 

 Plaintiff operates a chain of supermarkets in the Metropolitan New York City area. Since 1959, it has leased space for one of its markets at defendant’s shopping center in Manhasset, Long Island. In 1978 the parties entered into a restatement of lease for an initial term of 15 years, ending in March 1994, with two five-year renewal options. Written notice of the exercise of the option to renew had to be given under the lease at least one year before the expiration of the then existing term.
 
 *
 

 The renewal option provision of the lease specified that plaintiff would not be entitled to renew "if, at the time of the exercise of such option or the commencement date of the option term, Tenant shall be in default under this lease”.
 

 In October 1991, defendant served plaintiff with a notice of default which gave plaintiff 30 days to cure breaches of provisions of the lease requiring the tenant to comply with all applicable laws and regulations and to "maintain and operate the demised premises as a first-class facility”. The notice cited
 
 *604
 
 various violations identified in inspections by the State Department of Agriculture and Markets and the general pronounced deterioration in the market and its fixtures and equipment at the premises. The default article of the lease permitted defendant to cancel the lease when there occurred "an event of default”, i.e., a failure to cure any nonperformance of the tenant’s obligations (other than payment of rent) within 30 days of written notice of the breach. The lease provided for an enlargement of the cure period, however, "if the failure cannot be cured within thirty (30) days by the exercise of reasonable diligence and if Tenant commences promptly to cure the failure, [the cure period] shall be extended as long as Tenant diligently continues its efforts to cure such failure”.
 

 In less than 30 days, plaintiff responded to the notice of default by bringing this action, in which it applied for temporary and permanent "Yellowstone” injunctions
 
 (see, First Natl. Stores v Yellowstone Shopping Ctr.,
 
 21 NY2d 630) to toll the cure period. Supreme Court issued a temporary restraining order and in June 1992 granted a preliminary injunction extending the cure period for 90 days. The court also appointed a Referee to determine whether plaintiff was in breach of the provisions of the lease and, if so, to supervise and approve the completion of plaintiff’s efforts to cure its nonperformance. The Referee inspected the premises, reviewed the various inspection reports and issued a list of corrective actions to be taken immediately by plaintiff. The parties then stipulated to extend the injunction tolling the time to cure for several additional periods while they negotiated on the scope and extent of the renovations and improvements that would be necessary to bring plaintiff into compliance with its obligation to maintain the premises as a "first-class facility”. Each party submitted renovation plans.
 

 The Referee rendered several interim reports on the parties’ negotiations and plaintiff’s remediation efforts. The parties’ negotiations reached an impasse, however, and, in January 1993 the Referee rendered his final report to Supreme Court. The report found that plaintiff had indeed failed to perform its obligations under the lease. Regarding the cure of the breach, the Referee essentially approved plaintiff’s remodelling plans as being adequate, if implemented, to restore the premises to a first-class facility in compliance with plaintiff’s obligation under the lease. The Referee recommended that the
 
 Yellowstone
 
 injunction be extended for six months to enable
 
 *605
 
 plaintiff to complete the renovations and thereby effect that cure. The Referee also recommended that plaintiff’s renewal option be extended to 30 days after the completion of its cure.
 

 By decision and order of May 14, 1993, Supreme Court confirmed the Referee’s report, including adoption of the recommendation to extend plaintiff’s option to renew until after its nonperformance had been cured. Defendant and plaintiff each cross-appealed from that order. While the appeal was pending at the Appellate Division, plaintiff served a written notice dated April 27, 1993 of the exercise of its first option to renew, in advance of the May 5, 1993 deadline agreed to by the parties.
 

 Meanwhile, defendant moved for reargument of Supreme Court’s May 14 decision insofar as it granted plaintiff an extension of its right to renew until completion of the cure of the nonperformance. In October 1993, Supreme Court granted reargument and then modified its prior decision by directing an evidentiary hearing to determine whether (1) plaintiff had diligently commenced and pursued its cure efforts; and (2) whether a cure had been accomplished within the fixed six-month period. In its interpretation of the lease, Supreme Court concluded that diligent efforts in effecting a cure and a completed cure were conditions precedent to a valid exercise of plaintiff’s option to renew the lease.
 

 Before the evidentiary hearing directed by Supreme Court in its order upon reargument could be completed, however, the Appellate Division modified Supreme Court’s May 14, 1993 order (200 AD2d 664), ruling in relevant part that "the
 
 [Yellowstone]
 
 injunction also tolled the cure period applicable to the renewal option clause of the lease”
 
 (id.,
 
 at 665). Since the Appellate Division’s decision effectively eliminated the requirement of plaintiff’s diligent efforts to cure for a valid exercise of the option to renew, Supreme Court limited the evidentiary hearing to the issue of whether plaintiff had effected a cure of its breach of the lease within the six-month period fixed by the Referee. At the conclusion of that hearing, the court rendered a decision finding that, after an expenditure of $3.5 million, plaintiff had achieved a timely cure in accordance with the Referee’s report. By leave of this Court, defendant appeals from the judgment granted on the decision and the intermediate order of the Appellate Division.
 

 We agree with defendant’s position that, it having been established and found by the Referee that plaintiff had in fact
 
 *606
 
 been in breach of its obligations under the lease, the Appellate Division erred in concluding that the continuation of a
 
 Yellowstone
 
 injunction to toll the cure period automatically also extended plaintiff’s option to renew until the cure was completed. The
 
 Yellowstone
 
 injunction only served to forestall defendant from prematurely cancelling the lease during its initial term, in order to afford an opportunity for plaintiff to obtain a judicial determination of its breach and what would be required to cure it, and bring plaintiff in compliance with the terms of the lease. The injunction could not, in and of itself, relieve plaintiff of the necessity of complying with the condition precedent to renewal set forth in the lease, that plaintiff not be in default
 
 (see, Jefpaul Garage Corp. v Presbyterian Hosp.,
 
 61 NY2d 442, 446, 448).
 

 It does not follow as defendant urges, however, that plaintiff lost its right to renew the lease because a complete cure of the nonperformance of the obligation to maintain the premises as a first-class facility had not been accomplished at the precise time plaintiff exercised its renewal option. Indisputably, that breach was not curable within 30 days; therefore, under the lease, plaintiff was permitted as long a period to cure as was necessary, provided it had exercised reasonable diligence in commencing and continuing its efforts to cure. As previously noted, a breach of one of the tenant’s obligations under the lease is not ipso facto a default under the lease. By definition, an event of default does not occur under the lease until the tenant has failed to effect a cure of the nonperformance of the obligation within the appropriate cure period after notice. Thus, if plaintiff had complied with the cure requirements of the lease by exercising diligence in commencing, continuing and then successfully completing the restoration necessary to fulfill the obligation to maintain a first-class facility, no event of default occurred. Such timely compliance by plaintiff with the cure provision would, therefore, "enabl[e] it to exercise its renewal option”
 
 (Jefpaul Garage Corp. v Presbyterian Hosp.,
 
 61 NY2d, at 446,
 
 supra).
 
 This was precisely how Supreme Court read the lease in reconciling the default/ cure provision and the provision requiring that plaintiff not be in default as a condition precedent to renewal.
 

 Unquestionably, plaintiff relied in good faith upon the foregoing interpretation in attempting to cure its nonperformance by expending $3.5 million in renovations and improvements to the premises, within one year of the expiration of the initial 15-year term of the lease. Those expenditures would be for-
 
 *607
 
 felted were the terms of the renewal option in the lease construed, as defendant urges, to require that plaintiffs cure of its breach had to have been completed when plaintiff exercised that option. Defendant was fully apprised of plaintiff’s intention to renew the lease and has not even contended that it changed its position, to seek another tenant or lease the premises to another, in reliance on plaintiffs failure to have completely cured its nonperformance when it gave notice of renewal.
 

 It is also noteworthy that both parties stipulated to the extension of the
 
 Yellowstone
 
 injunction while they negotiated the scope and extent of the renovations and improvements necessary. At no point during these negotiations did defendant put plaintiff on notice that it intended to insist on completion of plaintiffs cure by the deadline for exercise of the renewal option as a condition precedent to a valid renewal. Under all of the foregoing circumstances, our case law permits the application of the equity power of the court to avoid the forfeiture of plaintiff’s valuable improvements as well as of the goodwill it built up at the location of the leased premises
 
 (see, J.N.A Realty Corp. v Cross Bay Chelsea,
 
 42 NY2d 392;
 
 Sy Jack Realty Co. v Pergament Syosset Corp.,
 
 27 NY2d 449;
 
 Jones v Gianferante,
 
 305 NY 135). Moreover, avoiding such a forfeiture would not otherwise prejudice defendant, who was made completely whole through plaintiff’s cure by restoring the premises to the condition of a first-class facility
 
 (see, Giles v Austin,
 
 62 NY 486, 493).
 

 Nonetheless, plaintiffs entitlement to a valid exercise of the renewal option here remains contingent upon whether it was in substantial compliance with the cure/default provisions of the lease, that is, its reasonable diligence in undertaking and completing the restoration of the leased premises as a first-class facility
 
 (see, Vanguard Diversified v Review Co.,
 
 35 AD2d 102, 106). As previously discussed, that issue was left unresolved at the evidentiary hearing in Supreme Court on cure, in reliance on the Appellate Division’s holding that the time for exercise of plaintiffs renewal option was automatically extended by and for the period of the
 
 Yellowstone
 
 injunction. Therefore, the judgment and the order of the Appellate Division should be modified, by remitting the matter to Supreme Court for an evidentiary hearing as to whether plaintiff substantially complied with the cure/default provision of the lease and exercised reasonable diligence in its efforts to cure its failure in maintaining and operating a first-class facility at
 
 *608
 
 the leasehold premises. If so, plaintiff is entitled to a declaration that it had validly executed its option to renew the lease. Conversely, a determination of this issue in defendant’s favor would result in its entitlement to possession of the leasehold premises.
 

 Accordingly, the judgment appealed from and order of the Appellate Division brought up for review should be modified, without costs, by remitting the matter to Supreme Court for further proceedings in accordance with this opinion, and as so modified, affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 Judgment appealed from and order of the Appellate Division brought up for review modified, without costs, by remitting the case to Supreme Court, Nassau County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.
 

 *
 

 The parties later agreed to extend the deadline for exercising the first renewal option to May 5,1993.