■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN BARONE, Appellant. [873 NYS2d 229]—Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered on or about May 30, 2007, unanimously affirmed. No opinion. Order filed. Concur—Tom, J.P., Saxe, McGuire, Moskowitz and Freedman, JJ.

■ NATIXIS NORTH AMERICA, INC., Respondent, v SOLOW BUILDING COMPANY II, L.L.C., Appellant. [873 NYS2d 49]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered April 29, 2008, that granted plaintiff's motion for summary judgment declaring that it was not in default of the parties' lease, and order, same court and Justice, entered May 1, 2008, to the extent it granted plaintiff's motion for summary judgment dismissing defendant's counterclaims, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered August 20, 2007, to the extent it granted plaintiff's motion for preliminary injunctive relief, unanimously dismissed, without costs, as academic.

Unrefuted evidence showed that, contrary to defendant landlord's claim in the notice to cure, plaintiff tenant did not violate the lease agreement by permitting unaffiliated entities to occupy the premises. Plaintiff also established it had not violated the lease in failing to remove refrigerant, as the federal Clean Air Act and its implementing regulations purportedly mandate. The notice to cure fails to assert this breach and an "event of default does not occur under the lease until the tenant has failed to effect a cure of the nonperformance of the obligation within the appropriate cure period after notice" (*Waldbaum, Inc. v Fifth Ave. of Long Is. Realty Assoc.*, 85 NY2d 600, 606 [1995]).

Plaintiff's second action, that sought to restrain the landlord from interfering with plaintiff's right to perform certain previously approved alterations, became moot when, after issuance of the court's preliminary injunction, plaintiff completed the construction project in question. While defendant challenges the propriety of the preliminary relief afforded to plaintiff, urging that the tenant did not make the required showing, defendant would not be entitled to relief now even if defendant were correct. Because the construction is complete, whether the court properly restrained defendant from interfering with the work is academic.

We have considered defendant's other arguments and find them unavailing. Concur—Tom, J.P., Saxe, McGuire, Moskowitz and Friedman, JJ.