■  MAXIMO HERNANDEZ, Plaintiff, v DUNKIN BRANDS ACQUI-
SITION, INC., Defendant, and PELICAN MANAGEMENT, INC., et al.,
Defendants/Third-Party Plaintiffs-Appellants. ANDY'S, LLC,
Third-Party Defendant-Respondent, et al., Third-Party Defend-
ants. [25 NYS3d 355]—

In an action to recover damages for personal injuries, the de-
fendants/third-party plaintiffs appeal, as limited by their brief,
from so much of an order of the Supreme Court, Kings County
(Schack, J.), dated January 6, 2014, as granted that branch of
the motion of the third-party defendant Andy's, LLC, which
was for summary judgment dismissing the third-party
complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from,
with costs.

The plaintiff allegedly was injured when he fell on a flight of
concrete steps located outside the back door of a store operated
by the third-party defendant Andy's, LLC (hereinafter Andy's).
The store was located in a shopping center which was man-
aged by the defendant/third-party plaintiff Pelican Manage-
ment, Inc., and owned by the defendant/third-party plaintiff
Philrock Company, LLC (hereinafter Philrock) (hereinafter
together the appellants).

In moving for summary judgment, Andy's established, prima
facie, that it had no contractual obligation to maintain and
repair the concrete steps (see Hahn v Wilhelm, 54 AD3d 896,
899 [2008]; Morgan v Chong Kwan Jun, 30 AD3d 386, 388
[2006]). In support of its motion, Andy's submitted, inter alia,
the lease between Philrock, as landlord, and Andy's, as tenant.
A written agreement that is complete, clear, and unambiguous
on its face must be enforced according to the plain meaning of
its terms (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162
[1990]; Vale v 221 Thompson, LLC, 82 AD3d 754 [2011]). Here,
the lease provided that the tenant had no obligation for
maintenance or repair of the exterior of the demised premises,
and that the landlord was responsible for maintaining the
exterior and structural portions of the building in good work-
ing order.

The evidence submitted by the appellants in opposition was
insufficient to raise a triable issue of fact (see Alvarez v Prospect
Hosp., 68 NY2d 320, 324 [1986]). The appellants' remaining
contentions, raised for the first time on appeal, are not properly
before this Court. Accordingly, that branch of the motion of

Andy's which was for summary judgment dismissing the third-party complaint insofar as asserted against it was properly granted.

To the extent that the appellants raise an issue concerning a request by Andy's for an award of an attorney's fee, that issue remains pending and undecided and, therefore, is not properly before this Court (*see Boster-Burton v Burton*, 73 AD3d 671, 673 [2010]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Balkin, J.P., Chambers, Cohen and Maltese, JJ., concur.