3rd & 60th Assoc. Sub LLC v Third Ave. M & I, LLC (2021 NY Slip Op 06647)





3rd & 60th Assoc. Sub LLC v Third Ave. M & I, LLC


2021 NY Slip Op 06647


Decided on November 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 30, 2021

Before: Renwick, J.P., Mazzarelli, Moulton, Scarpulla, Higgitt, JJ. 


Index No. 653833/20 Appeal No. 14719 Case No. 2021-01402 

[*1]3rd and 60th Associates Sub LLC, Plaintiff-Appellant,
v
Third Avenue M & I, LLC, et al., Defendants-Respondents.


Cyruli Shanks & Zizmor LLP, New York (James E. Schwartz of counsel), for appellant.
Jacobs PC, Kew Gardens (Eduard Kushmakov of counsel), for respondents.



Order, Supreme Court, New York County (Andrew S. Borrok, J.), entered on or about April 19, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss the claims against the individual defendants-guarantors, unanimously affirmed, without costs.
The motion court properly dismissed the amended complaint against the individual defendants-guarantors under Administrative Code of the City of New York
§ 22-1005, which provides immunity from the enforcement of certain commercial lease guaranties where personal liability arose (1) as a result of the pandemic-related executive orders affecting the tenant's business and (2) fell within the statutory period of March 7, 2020 to June 30, 2021. Administrative Code § 22-1005, as relevant here, provides that a guaranty of a commercial lease involving property within the City, given by natural persons who are not the tenant, "shall not be enforceable against such natural persons if the conditions of paragraph 1 and 2 are satisfied":
"1. The tenant satisfies the conditions of subparagraph (a), (b) or
(c):
"(a) The tenant was required to cease serving patrons food or beverage for on-premises consumption or to cease operation under executive order number 202.3 issued by the governor on March 16, 2020; . . .
"(c) The tenant was required to close to members of the public under executive order number 202.7 issued by the governor on March 19, 2020.
"2. The default or other event causing such natural persons to become wholly or partially personally liable for such obligation occurred between March 7, 2020 and March 31, 2021, inclusive."
Here, plaintiff-landlord does not dispute that defendants fulfilled section (1), because they were forced to close their restaurant and event space as a result of the pandemic-related executive orders. Instead, plaintiff argues that the relevant default for the purposes of applying the statute occurred before March 7, 2020, which falls outside the protected period in section (2), and therefore the statute does not apply. We find this argument unavailing.
As the motion court determined, the statute provides that, regardless of when a tenant's lease default occurred, the critical time frame for determining when the protections of Administrative Code § 22-1005 attach is the time of the "event causing such natural persons to become . . . liable," which, in this case, necessarily included the cure period set forth in the parties' stipulation (see Natixis N. Am., Inc. v Solow Bldg. Co. II, L.L.C., 59 AD3d 214 [1st Dept 2009]).
Plaintiff's arguments focus on defendant-tenants' earlier lease defaults, which ignores the fact that plaintiff and the tenants entered into a stipulation of settlement, under which plaintiff obtained a money judgment, a judgment of possession, and warrant of eviction against the tenants and deemed the lease "expired." Thus, the relevant obligations are set forth in the [*2]parties' stipulation, which expressly provides in paragraph 5, "Any conflict between the Lease and this Stipulation shall be resolved in favor of this Stipulation."
As relevant here, paragraph 8 of the stipulation provided for a three-business-day cure period following delivery of a notice of default. Because the stipulation stated that notice was deemed delivered the business day following release to the overnight courier, the relevant cure period could not have begun to run any sooner than the next business day after it was sent by overnight mail on Friday, March 6, 2020, that is, Monday, March 9, 2020. To hold otherwise would invalidate the stipulation, for which plaintiff presents no basis to do (Kleinberg v Ambassador Assoc., 103 AD2d 347, 347 [1st Dept 1984], affd 64 NY2d 733 [1984] ["A stipulation is in the nature of a contract and is subject to the rules governing contracts"]). Thus, because the protected period under section (2) began on March 7, 2020, Administrative Code § 22-1005 squarely applies to the facts at bar.
Contrary to plaintiff's urging, this case is distinguishable from 558 Seventh Ave. Corp. v Times Sq. Photo Inc. (194 AD3d 561 [1st Dept 2021], appeal dismissed 37 NY3d 1040 [2021]), in which we reversed the motion court's sua sponte dismissal of the complaint under Administrative Code § 22-1005 without first determining whether in fact the relevant event giving rise to the natural person's liability took place within the statutory period. In 558 Seventh Ave. Corp., unlike in this case,
there were factual issues to be resolved before the court could determine whether the statute required dismissal of the complaint.
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2021