274 Madison Co., LLC v Vieira (2022 NY Slip Op 02937)

274 Madison Co., LLC v Vieira

2022 NY Slip Op 02937

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Manzanet-Daniels, J.P., Kern, Singh, Kennedy, Mendez, JJ. 

Index No. 151756/20 Appeal No. 15786 Case No. 2021-03692 

[*1]274 Madison Company, LLC, Plaintiff-Appellant,
v
Cristhiane Vieira, Defendant-Respondent.

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for appellant.
The Law Office of Jordi Fernandez, New York (Jordi Fernandez of counsel), for respondent.

Order, Supreme Court, New York County (Phillip Hom, J.), entered October 4, 2021, which, insofar as appealed from as limited by the briefs, denied plaintiff landlord's motion for summary judgment on its claim against defendant lease guarantor for rent and other amounts due under the lease through June 30, 2024, and for leave to amend the complaint to reflect those amounts, unanimously affirmed, without costs.
The nonparty tenant, a language school, was a nonessential business that was compelled to stop all in-office functions by the Governor's Executive Order 202.6 in March 2020. As a result, the tenant was forced to close permanently. Defendant, the principal and guarantor of the tenant, attempted to surrender the premises on March 31, 2020.
Plaintiff initially sought to recover the unpaid rent from defendant for the period from November 2019 through March 31, 2020. On June 8, 2020, plaintiff moved for summary judgment and, because the tenant had vacated the leased premises, to amend damages to include acceleration of the rent owed until the expiration of the lease term on June 30, 2024. Defendant does not dispute that the tenant owed rent from November 2019 to March 31, 2020 but contends that plaintiff is not entitled to accelerated rent through the expiration of the lease term. Defendant argues that, because the alleged default occurred during the statutory period covered by Administrative Code of City of NY § 22-1005, she is not liable for any unpaid rent after March 31, 2020.
Administrative Code § 22-1005 provides that lease guarantors of "businesses that were required to 'cease operation' or 'close to members of the public'" under any of the relevant executive orders (Nos. 202.3, 202.6, and 202.7) issued by the Governor in relation to the Covid-19 outbreak will not be held liable for unpaid rents of those businesses owed between March 7, 2020 and June 30, 2021 (iPayment, Inc. v Silverman, 192 AD3d 586 [1st Dept 2021], lv dismissed 31 NY3d 1020 [2021], quoting Administrative Code § 22-1005 [a],[c]). The period for determining whether Administrative Code § 22-1005 applies "is the time of the 'event causing [guarantors] to become liable'" (3rd & 60th Assoc. Sub LLC v Third Ave. M & I, LLC, 199 AD3d 601, 602 [1st Dept 2021] [alterations omitted], quoting Administrative Code § 22-1005[2]).
Because the tenant was required to cease operations under Executive Order 202.6, and because defendant became liable for tenant's accelerated rent during the
statutory period, defendant is protected by Administrative Code § 22-1005. Therefore, defendant is not liable for the rent owed through the remainder of the lease period. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022