2330 Ocean Assoc., LLC v Haroun (2023 NY Slip Op 04643)

2330 Ocean Assoc., LLC v Haroun

2023 NY Slip Op 04643

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2021-05025
 (Index No. 30045/21)

[*1]2330 Ocean Associates, LLC, appellant,
v
Farida Haroun, respondent.

Richard A. Rosenzweig, Esq., P.C., Staten Island, NY, for appellant.
Justine Luongo, Brooklyn, NY (Benjamin H. Levine of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated July 8, 2021. The order, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the second and third causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff landlord commenced this action principally to recover damages allegedly arising from the failure of the defendant tenant to maintain the subject premises in a reasonable condition. In the order on appeal, the Supreme Court granted those branches of the defendant's motion which were to dismiss the second and third causes of action, which sought to recover damages for breach of contract, on the ground that, under the terms of the parties' lease, the plaintiff was required to give written notice of default and an opportunity to cure, which the plaintiff failed to do prior to commencing the action.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the facts as alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; TMCC, Inc. v Jennifer Convertibles, Inc., 176 AD3d 1135, 1135-1136). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (TMCC, Inc. v Jennifer Convertibles, Inc., 176 AD3d at 1135-1136 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Riesenburger Props., LLLP v Pi Assoc., LLC, 192 AD3d 835, 838 [internal quotation marks omitted]). "[W]here there is an ambiguity as to the meaning of a provision of a lease, [*2]prepared by the landlord, the ambiguity should be resolved in favor of the tenant" (151 W. Assoc. v Printsiples Fabric Corp., 61 NY2d 732, 732-733).
Here, paragraph 8 of the lease obligates the tenant to take good care of the apartment and all equipment and fixtures in it. Paragraph 16, entitled "Tenant's default," provides that "Landlord must give Tenant written notice of default stating the type of default. The following are defaults and must be cured by Tenant within the time stated: . . . (5) Failure to comply with any other term or Rule in the Lease, 10 days."
In this case, "a breach of one of the tenant's obligations under the lease is not ipso facto a default under the lease. By definition, an event of default does not occur under the lease until the tenant has failed to effect a cure of the nonperformance of the obligation within the appropriate cure period after notice" (Waldbaum, Inc. v Fifth Ave. of Long Is. Realty Assoc., 85 NY2d 600, 606; see Natixis N. Am., Inc. v Solow Bldg. Co. II, L.L.C., 59 AD3d 214, 214). Inasmuch as the plaintiff's request for monetary damages is premised on the defendant's alleged "default under the lease," there could be no default, as defined, absent the appropriate notice thereof and an opportunity to cure. Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the second and third causes of action.
The plaintiff's remaining contentions are without merit.
CONNOLLY, J.P., GENOVESI, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court