Tamar Equities Corp. v Signature Barbershop 33 Inc. (2024 NY Slip Op 00039)

Tamar Equities Corp. v Signature Barbershop 33 Inc.

2024 NY Slip Op 00039

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Kern, J.P., Moulton, Gesmer, Kennedy, Higgitt, JJ. 

Index No. 152046/22 Appeal No. 1153 Case No. 2023-03999 

[*1]Tamar Equities Corp., Plaintiff-Appellant,
v
Signature Barbershop 33 Inc., Defendant, David Yunatanov, Defendant-Respondent.

Zingman & Associates PLLC, New York (Cheryl R. Ginsburg of counsel), for appellant.
Lapin Law Firm, New York (Moshe D. Lapin of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered February 22, 2023, which granted defendant David Yunatanov's motion to dismiss the complaint as against him, unanimously reversed, on the law, without costs, the motion denied, and the matter remanded for further proceedings consistent with this order.
On August 20, 2019, plaintiff, as landlord, entered into a 10-year commercial lease with defendant Signature Barbershop 33 Inc. (Barbershop), as tenant. The lease required Barbershop to pay monthly rent. The lease identifies as an "event of default" Barbershop's abandonment of the premises prior to the expiration of the lease term. The lease contains a damages provision that would be triggered if the lease was terminated by reason of an event of default, e.g., Barbershop's abandonment of the premises. The damages provision allowed plaintiff to select one of two separate damages formulas, and stated that "[s]uit or suits for the recovery of any damages payable [under the damages provision] or any installments thereof, may be brought by [plaintiff] from time to time at its election." The remedies enumerated in the lease are not the exclusive remedies available to plaintiff; rather; plaintiff is free to "invoke any remedy allowed at law or in equity" available to it. The lease's no-waiver provision provides that the "[f]ailure by either party to declare any default immediately upon its occurrence or delay in taking any action in connection with such default shall not waive such default but such party shall have the right to declare any such default at any time thereafter," and that "[n]o act or thing done by [plaintiff] shall be deemed an acceptance of a surrender of the Premises, and no agreement to accept such surrender shall be valid unless in writing."
Defendant Yunatanov executed a guaranty under which he unconditionally guaranteed defendant Barbershop's performance under the lease, subject to a "good guy" release.
In March 2020, Barbershop was compelled to close under Governor Cuomo's Executive Order 202.7, which, among other things, directed all barbershops to close on March 21, 2020, until further notice. In the wake of its closure, Barbershop could not meet its rent obligations under the lease.
After seeking, unsuccessfully, to find a replacement tenant for its commercial space, Barbershop notified plaintiff in July 2020 that it could not pay the rent and would vacate the premises on or before October 31, 2020. Barbershop vacated the premises prior to that date. A new tenant leased the premises and began paying rent in January 2021, albeit for a lower amount than that Barbershop was obligated to pay under its lease.
In March 2022, plaintiff commenced this action against Barbershop seeking to recover unpaid rent accruing from April 2020 to March 2022, minus rent payments made by the new tenant. As against defendant guarantor, plaintiff did not seek to enforce the guaranty for the entire period of Barbershop's [*2]default under the lease; rather, plaintiff sought only to enforce the guaranty for defaults occurring between July 1, 2021 and March 31, 2022. Plaintiff limited its claim against defendant guarantor in an effort to comply with the New York City Guaranty Law, which bars enforcement of a personal liability provision in a commercial lease against a natural person that would otherwise render that person liable "upon the occurrence of a default or other event" if the tenant was required to close to the public under Executive Order 202.7, and "[t]he default or other event causing such natural person to become . . . liable . . . occurred between March 7, 2020 and June 30, 2021, inclusive" (Administrative Code of City of New York § 22-1005[2]).
Defendant guarantor moved under CPLR 3211(a)(1) and (7) to dismiss the complaint as against him, asserting that because the Barbershop's default arose during the Guaranty Law period, the Guaranty Law barred plaintiff's claims against him. Plaintiff opposed the motion, asserting that, by its terms, the Guaranty Law barred enforcement of the guaranty only for rents accruing between March 7, 2020 and June 30, 2021; the Guaranty Law did not relieve a guarantor of any obligations with respect to rents (and other rent-related obligations) that accrued after June 30, 2021. Additionally, plaintiff asserted that the Guaranty Law is unconstitutional.
Supreme Court granted defendant guarantor's motion, and dismissed the complaint as against him.
On its appeal from the dismissal order, plaintiff argues that the Guaranty Law does not limit liability under the guaranty for rent and other rent-related obligations that accrue after June 30, 2021. Plaintiff also contends that the Guaranty Law is unconstitutional under the Contracts Clause of the federal constitution.
Defendant guarantor maintains that if a default occurs during the period specified by the Guaranty Law, the law absolutely bars enforcement of a guaranty, i.e., a guaranty ceases to be enforceable. Guarantor asserts that the City Council did not circumscribe the scope of the protection afforded by the Guaranty Law, and that we should not confine the relief provided by the law to defaults occurring in the period specified in it. Guarantor insists that the Guaranty Law is constitutional.
The Guaranty Law provides that,
"A provision in a commercial lease . . . that provides for one or more natural persons who are not the tenant under such agreement to become, upon the occurrence of a default or other event, wholly or partially personally liable for payment of rent, utility expenses or taxes owed by the tenant under such agreement, or fees and charges relating to routine building maintenance owed by the tenant under such agreement, shall not be enforceable against such natural persons if the conditions of paragraph 1 and 2 are satisfied:
"1. The tenant satisfies the conditions of subparagraph . . . (c):
(c) The tenant was required to close to members of the public under [*3]executive order number 202.7 issued by the governor on March 19, 2020.
"2. The default or other event causing such natural persons to become wholly or partially personally liable for such obligation occurred between March 7, 2020 and June 30, 2021, inclusive" (Administrative Code § 22-1005).
As part of its declarations of intent and findings for the amendments extending the closing of the period of the Guaranty Law (first from September 30, 2020 to March 31, 2021, then from March 31, 2021 to June 30, 2021), the City Council made plain that the protections were "temporary," and designed to provide businesses covered by the law with "a reasonable recovery period with a duration that is comparable to the period of time that [the] businesses were forced to close or operate with significant limitations on indoor occupancy" (New York City Local Laws 98/2020 and 50/2021, §§ 1[a][7], [9]).
In light of the language of the Guaranty Law and its legislative history, we conclude that the law "bars only those claims against guarantors seeking rent that came due within the [law's] protection period" (Mansion Realty LLC v 656 6th Ave. Gym LLC, 79 Misc 3d 372, 374 [Sup Ct, NY County 2023]; see 88 Greenwich Owner LLC v 21 Rector St LLC, 217 AD3d 432, 434 [1st Dept 2023]; but see e.g. Diamond 47 Nails Inc. v L'Envie Hair Studio, Inc., 2022 NY Slip Op 30932[U] [Sup Ct, NY County 2022]).
Here, under the lease, Barbershop was responsible for paying each month's rent as it became due, with each failure by Barbershop to pay the monthly rent constituting a separate, independent default under the lease. Thus, Barbershop was liable for unpaid rent as it accrued (see Utility Garage Corp. v National Biscuit Co., 71 AD2d 578, 579 [1st Dept 1979]; Mansion Realty LLC v 656 6th Ave. Gym LLC, 79 Misc 3d at 378). In turn, defendant guarantor was liable for each and every rent default as it accrued (see Midland Steel Warehouse Corp. v Godinger Silver Art, 276 AD2d 341, 343 [1st Dept 2000]; Mansion Realty LLC v 656 6th Ave. Gym LLC, 79 Misc 3d at 378-379). Barbershop and, by natural extension, defendant guarantor are not liable for future rent. Critically, plaintiff did not accelerate the debt (see Long Is. R.R. Co. v Northville Indus. Corp., 41 NY2d 455, 465 [1977]; Mansion Realty LLC v 656 6th Ave. Gym LLC, 79 Misc 3d at 378; cf. 274 Madison Co., LLC v Vieira, 205 AD3d 403 [1st Dept 2022], lv dismissed 39 NY3d 1062 [2023]). Because plaintiff sought damages against defendant guarantor only for amounts that became due and for which guarantor became liable outside the Guaranty Law period, the complaint should not have been dismissed as against the guarantor (see 88 Greenwich Owner LLC, 217 AD3d at 434).
In light of our resolution of this appeal in favor of appellant based on the text of the New York City Guaranty Law, we need not and do not address the parties' constitutional arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION[*4], FIRST DEPARTMENT.
ENTERED: January 4, 2024