3rd & 60th Assoc. Sub LLC v Zavolunov (2024 NY Slip Op 00160)

3rd & 60th Assoc. Sub LLC v Zavolunov

2024 NY Slip Op 00160

Decided on January 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2024

Before: Kern, J.P., Singh, Gesmer, Scarpulla, O'Neill Levy, JJ. 

Index No. 152736/22 Appeal No. 893 Case No. 2023-03208 

[*1]3rd and 60th Associates Sub LLC, Plaintiff-Appellant,
v
Michael Zavolunov et al., Defendants-Respondents.

Friedman Kaplan Seiler Adelman & Robbins, LLP, New York (Robert S. Smith of counsel), for appellant.
Jacobs P.C., New York (Adam B. Sherman of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.) entered June 12, 2023, which granted defendants' motion under CPLR 3211 to dismiss the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff-landlord and nonparty tenant entered into a lease for commercial property in March 2017 for tenant's use of the premises as a restaurant. Contemporaneously, defendants executed a lease guaranty which guaranteed tenant's payment obligations under the lease. The lease contained a liquidated damages provision which provided that upon plaintiff's re-entry, plaintiff would be permitted, but not obligated, to re-let the premises as tenant's agent in plaintiff's name. Tenant would be liable for the monthly deficiency between the rent reserved under the lease and the net amounts collected by plaintiff until the end of the stated lease term. Liquidated damages would be due and payable monthly, as determined. The liquidated damages provision and defendants' guaranty of them would survive the lease's termination. The lease did not contain an acceleration clause.
Plaintiff commenced a nonpayment proceeding in October 2019 (October 2019 Action) alleging that tenant failed to pay rent for the months of August 2019 through October 2019 and seeking amounts due for unpaid rent under the lease. By stipulation dated February 21, 2020 (the Stipulation), plaintiff and tenant agreed to resolve the nonpayment proceeding by converting the action to a holdover proceeding. Tenant consented to a judgment of possession and warrant of eviction, which were stayed on the conditions that tenant pay rent arrears and timely pay monthly use and occupancy from March 1, 2020 through August 1, 2020, as provided in the lease as if the lease had not expired due to the issuance of the warrant.
Tenant failed to tender the use and occupancy payment on March 1, 2020. Plaintiff sent tenant a letter giving notice of its default and requiring it to cure the default by March 9, 2020. Tenant failed to cure the March default and made no additional use and occupancy payments in the following months. Tenant vacated and surrendered the premises to plaintiff on September 28, 2020.
In August 2020, plaintiff filed a plenary action against tenant and defendants in Supreme Court to recover rents accrued from March 1, 2020 through August 1, 2020 (Action 1). Defendants moved to dismiss the complaint, arguing that Administrative Code of the City of New York § 22-1005 (the Guaranty Law) precluded enforcement of the guaranty. The court granted defendants' motion by order dated April 19, 2021. We affirmed (3rd & 60th Assoc. Sub LLC v Third Ave. M & I, LLC, 199 AD3d 601 [1st Dept 2021], lv denied 38 NY3d 912 [2022]).
Plaintiff commenced the present action against defendants by summons and complaint dated March 31, 2022 seeking liquidated damages under the lease and guaranty from July 1, 2021 to March 30, 2022, liquidated damages under the same due from April 1, 2022 through [*2]the lease expiration date, and all costs, expenses, interest, and attorneys' fees incurred in relation to this action and the October 2019 Action. Defendants moved to dismiss, arguing that plaintiff's claims were barred by res judicata, defendants' liability under the guaranty was limited to plaintiff's remedies under the Stipulation, and the Guaranty Law bars enforcement of the guaranty. By order dated June 12, 2023, Supreme Court granted defendants' motion to dismiss on grounds that plaintiff's claims were barred by res judicata.
The motion court should not have dismissed the complaint based on the doctrine of res judicata. "[A] claim arising subsequent to a prior action . . . is not barred by res judicata even if the new claim is premised on facts representing a continuance of the same course of conduct" (UBS Sec. LLC v Highland Capital Mgt., L.P., 159 AD3d 512, 514 [1st Dept 2018] [internal brackets omitted], lv dismissed 32 NY3d 1080 [2018]). The claims in this case are not barred by res judicata because plaintiff is seeking to recover amounts due under the guaranty that allegedly became due subsequent to the entry of the order in Action 1 (see e.g. 558 Seventh Ave. Corp. v Times Sq. Photo Inc., 194 AD3d 561, 562 [1st Dept 2021], appeal dismissed, 37 NY3d 1040 [2021]).
Additionally, we find that the Stipulation did not vitiate tenant's and defendants' liability for liquidated damages under the lease. A tenant remains liable for liquidated damages pursuant to a lease when a subsequent stipulation does not modify the tenant's continuing liability for them (see e.g. H.L. Realty, LLC v Edwards, 131 AD3d 573, 575-576 [2d Dept 2015]). Here, the Stipulation did not modify tenant's continuing liability for liquidated damages. To the contrary, the Stipulation did not contain any provision with regard to liquidated damages. Moreover, the lease's liquidated damages provision stated that tenant's liability for liquidated damages would survive termination of the lease. The guaranty likewise stated that it survived termination of the lease. Consequently, the Stipulation did not relieve tenant or defendants of their liability for liquidated damages under the lease (see id.)
Furthermore, the Guaranty Law does not preclude plaintiff's claim against defendants for liquidated damages accruing after June 30, 2021. The Guaranty Law, as relevant here, provides that a guaranty of a commercial lease involving property within the City, given by natural persons who are not the tenant, is not enforceable against such natural persons if, inter alia, "[t]he default or other event causing such natural persons to become wholly or partially personally liable for such obligation occurred between March 7, 2020 and June 30, 2021, inclusive" (Administrative Code § 22-1005).
Tenant's default, which occurred on March 9, 2020, did not give rise to defendants' liability through the end of the lease term. Upon a tenant's default under a lease, the tenant is liable for unpaid past [*3]due rent; absent an acceleration clause, the tenant is not liable for future rents (see Utility Garage Corp. v National Biscuit Co., 71 AD2d 578, 579 [1st Dept 1979]; see also Long Is. R.R. Co. v Northville Indus. Corp., 41 NY2d 455, 465 [1977]). The lease at issue here did not contain an acceleration clause. Rather, it provided that deficiency payments (i.e., liquidated damages) "shall become due and payable monthly, as it is determined." Therefore, tenant's obligation to pay liquidated damages arises each month as that amount becomes due (see Utility Garage Corp., 71 AD2d at 579).
Since tenant's liability for liquidated damages arises monthly and defendants are only liable under the guaranty upon tenant's default, defendants' liability for tenant's failure to pay liquidated damages likewise arises monthly (see Midland Steel Warehouse Corp. v Godinger Silver Art, 276 AD2d 341, 343 [1st Dept 2020]). Therefore, the Guaranty Law does not preclude plaintiff's claim against defendants, which seeks to recover liquidated damages accruing after June 30, 2021, notwithstanding that tenant initially defaulted within the Guaranty Law's protection period (see Tamar Equities v Signature Barbershop, __ AD3d __, 2024 NY Slip Op 00039 [1st Dept 2024]; see generally Mansion Realty LLC v 656 6th Ave Gym LLC, 79 Misc 3d 372 [Sup Ct, NY County 2023]; cf. Diamond 47 Nails Inc. v L'Envie Hair Studio, Inc., 2022 NY Slip Op 30932[U] [Sup Ct, NY County 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2024