Bonas v RRR & N Corp. (2025 NY Slip Op 04455)

Bonas v RRR & N Corp.

2025 NY Slip Op 04455

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-01462
 (Index No. 509900/20)

[*1]Angela Bonas, plaintiff-respondent, 
v
RRR & N Corporation, appellant, Thriftcare Pharmacy, defendant-respondent.

Weiner, Millo, Morgan & Bonanno, LLC, New York, NY (John P. Bonanno of counsel), for appellant.
Rubenstein & Rynecki, Brooklyn, NY (Kliopatra Vrontos and Michael Kesselman of counsel), for plaintiff-respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly and Richard A. Lilling of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant RRR & N Corporation appeals from an order of the Supreme Court, Kings County (Joy F. Campanelli, J.), dated January 10, 2024. The order granted the motion of the defendant Thriftcare Pharmacy for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, and denied the cross-motion of the defendant RRR & N Corporation for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant Thriftcare Pharmacy which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the defendant RRR & N Corporation is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff and the defendant Thriftcare Pharmacy.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained when she tripped and fell on a concrete ramp while exiting a storefront owned by the defendant RRR & N Corporation (hereinafter RRR), and leased by the defendant Thriftcare Pharmacy (hereinafter Thriftcare). Thriftcare moved, inter alia, for summary judgment dismissing all cross-claims insofar as asserted against it, and RRR cross-moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order dated January 10, 2024, the Supreme Court, among other things, granted that branch of Thriftcare's motion and denied RRR's cross-motion. RRR appeals.
Initially, the Supreme Court should have overlooked the fact that RRR failed to submit word count certifications with its cross-motion and its opposition to Thriftcare's motion (see [*2]Taveras v Incorporated Vil. of Freeport, 225 AD3d 822, 823; Anuchina v Marine Transp. Logistics, Inc., 216 AD3d 1126, 1127).
However, the Supreme Court properly granted that branch of Thriftcare's motion which was for summary judgment dismissing all cross-claims insofar as asserted against it. Thriftcare established, prima facie, that it had no contractual obligation to maintain and repair the ramp (see Hernandez v Dunkin Brands Acquisition, Inc., 136 AD3d 980, 980). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Piecraft Wantagh, LLC v Willow Wood Assoc., L.P., 216 AD3d 1010, 1012 [internal quotation marks omitted]; see 2330 Ocean Assoc., LLC v Haroun, 219 AD3d 1386, 1387). Here, the lease provided that the landlord, not the tenant, was responsible for maintaining the public portions of the building and making structural repairs. Further, Thirftcare's submissions established, prima facie, that the alleged defects with respect to the ramp were structural (see Hernandez v Dunkin Brands Acquisition, LLC, 136 AD3d at 980). The evidence submitted by RRR in opposition was insufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The Supreme Court properly denied RRR's cross-motion, since RRR failed to demonstrate, prima facie, that it was an out-of-possession landlord that did not have a contractual duty under the lease to maintain and repair the ramp (see Rubin v Sivan Merrick, LLC, 235 AD3d 789, 791; Vaughan v Triumphant Church of Jesus Christ, 193 AD3d 1104, 1105). In light of RRR's failure to meet its prima facie burden, it is not necessary to consider the sufficiency of the opposition papers (see Kean-Chong v MBA-Vernon Blvd., LLC, 228 AD3d 851, 852; Maharaj v Kreidenweis, 214 AD3d 717, 719).
In light of our determination, we need not reach RRR's remaining contention.
CONNOLLY, J.P., MILLER, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court